**Herbert P. SEGARRA, Plaintiff,**

v.

**Florence MESSINA and Kevin C. Fogarty, Defendants.**

**No. 93–CV–284.**

United States District Court, N.D. New York.

Oct. 24, 1994.

---

Gleason, Dunn, Walsh & Oshea Law Firm, Albany, NY, for plaintiff (Ronald Dunn, of counsel).

Bizar & Martin, New York City, for Kevin Fogarty (Donald R. Wall, of counsel).

Wikler, Gottlieb & Howard, New York City, for Florence Messina (Thomas J. Spargo, of counsel).

## MEMORANDUM—DECISION & ORDER

McAVOY, Chief Judge.

## I. BACKGROUND

Plaintiff, an attorney, originally brought a civil RICO claim based on the alleged predicate acts of mail fraud, wire fraud, obstruction of justice, and several state law violations. Plaintiff also brought two pendent state claims for misrepresentation and defamation. Defendants moved to dismiss the complaint pursuant to Fed.R.Civ.P. 8(a), 9(b), and 12(b)(6). The motion then was adjourned four times for various reasons and was ultimately made returnable on February 14, 1994.

Prior to the February 14, 1994 return date, plaintiff was censured by the Appellate Division, Third Department, as a result of a complaint filed with the disciplinary committee by one of the defendants. Defendants then made two additional motions in this action: (1) motion for summary judgment pursuant to Fed.R.Civ.P. 56, and (2) motion

for sanctions pursuant to both Fed.R.Civ.P. 11 and the inherent powers of the court. These motions were served on the plaintiff on December 30, 1993 and filed with the court on January 24, 1994. Although these two additional motions were also made returnable on February 14, 1994, the plaintiff failed to file opposition papers to either motion. The court therefore granted another adjournment and made the motions returnable February 25, 1994. Plaintiff finally did file timely opposition papers to defendants' motion for summary judgment but did not respond in any way to the motion for sanctions.

The court took all motions on submit and rendered a Memorandum, Decision, and Order dated February 25, 1994. *Segarra v. Messina*, 153 F.R.D. 22 (N.D.N.Y.1994). The court granted defendants' motion to dismiss pursuant to Rules 9(b) and 12(b)(6) in its entirety, without prejudice only as to plaintiff's RICO claim predicated on mail and wire fraud. Plaintiff's pendent state law claims were similarly dismissed. The court further granted defendants' motion for sanctions in an amount equivalent to defendants' cost of defending those claims which the court found violative of Rule 11—specifically, plaintiff's RICO claims predicated on larceny, defamation, libel, obstruction of justice, and extortion. The court denied the motion for sanctions under Rule 11 as to those claims found not sanctionable.

Defendant Fogarty filed an Application for an Assessment of Sanctions on April 20, 1994. Plaintiff did not respond to this application, stating in his affidavit of May 16, 1994 that he had not done so because he was still awaiting the receipt of a second set of papers (which were not further identified). In an Order dated April 30, 1994, the court partially granted Defendant Fogarty's application for attorneys' fees in the amount of $11,-229.07. This amount represented 50% of Defendant Fogarty's total attorneys' fees and disbursements, based on the usual rates charged by the New York City firm hired by Fogarty.

Defendant Messina then filed her Application for an Assessment of Sanctions on May 5, 1994. Plaintiff also has not directly responded to this application. No ruling has been made on this submission at this time.

Having failed to oppose the initial motion for sanctions and subsequently the applications for assessment of attorneys' fees, the plaintiff now brings the present motion for reconsideration pursuant to Fed.R.Civ.P. 60(b). The plaintiff requests that the court reconsider its decision to impose Rule 11 sanctions in the form of attorneys' fees, and, alternatively, to reconsider the amount of attorneys' fees awarded. In their opposition papers, the defendants request further sanctions against the plaintiff in an amount equal to the reasonable legal fees and costs incurred in defending this motion for reconsideration.

## II. DISCUSSION

### A. Motion for Reconsideration

Plaintiff moves for reconsideration pursuant to Fed.R.Civ.P. 60(b). It is well established that "[i]t is within the court's broad discretion to grant relief under Rule 60(b)." *United States v. $16,162 In U.S. Currency*, 1994 WL 263419, at *1, 1994 U.S.Dist. LEXIS 7848, at *2 (S.D.N.Y. June 10, 1994); *see also Lussier v. Dugger*, 904 F.2d 661, 667 (11th Cir.1990); *O'Grady v. Secretary of the U.S. Dep't. of Health and Human Servs.*, 661 F.Supp. 1030, 1034 (E.D.N.Y.1987). A court is justified in exercising this discretion if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent obvious injustice. *Larsen v. Ortega*, 816 F.Supp. 97, 114 (D.Conn.1992); *Bass v. Prudential Ins. Co.*, 1991 WL 183561, at *1, 1991 U.S.Dist. LEXIS 12897 at *2 (D.Kan. August 19, 1991) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985), *cert. denied*, 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986)). It appears that plaintiff's instant motion for reconsideration relies on the third prong of this test in that the motion asserts the need to correct an error of law in awarding attorneys' fees or to prevent manifest injustice in determining the amount of such sanctions.

However, in exercising this discretion, the court must "balance two important interests:

the interest in deciding cases on their merits and concern for the finality of judgments ... With regard to the latter, 'courts should not encourage the reopening of final judgments or casually permit the relitigation of litigated issues out of a friendliness to claims of unfortunate failures to put in one's best case.'" *$16,162 In U.S. Currency,* 1994 WL 263419, at *2, 1994 U.S.Dist. LEXIS at *62 (quoting *United States v. Cirami,* 563 F.2d 26, 33 (2d Cir.1977)). Further, as such "[m]otions ... should not be used 'to raise arguments which could, and should, have been made before the judgment [was] ... issued,'" *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir.1986), the interest in finality may be deemed compelling after a judgment has been entered. *Lussier,* 904 F.2d at 667.

In the present case, plaintiff is now opposing, for the first time, both the court's award of attorneys' fees as a Rule 11 sanction and the amount of that award. Both the motion for sanctions and the motion for summary judgment were served on the plaintiff at the same time—on December 30, 1993. Plaintiff initially failed to file opposition papers to either motion, and an adjournment was granted by the court *sua sponte.* While plaintiff then did file a memorandum in opposition to the motion for summary judgment, he did not respond in any way to the motion for sanctions even though he had equal notice and opportunity to respond to both motions. Further, plaintiff has not given any reason for his failure to respond to defendants' motion for sanctions.

Plaintiff also did not respond to either Defendant Fogarty's or Defendant Messina's Applications for Assessment of Attorneys' Fees. The only reason plaintiff has articulated for his failure to respond to these applications is that he was still awaiting the receipt of a second set of papers, which he does not further identify or describe in any way.

Plaintiff has had a full and fair opportunity to present his objections both to the imposition of Rule 11 sanctions in the form of attorneys' fees and to the amount of the awards themselves. Plaintiff cannot now use this motion for reconsideration to raise his objections for the first time to such issues when these objections "should, and could, have been made before the judgment [was] ... entered." *Id.* Plaintiff's "failure to present [his] ... strongest case in the first instance does not entitle [him] ... to a second chance in the form of a motion to reconsider." *Bass,* 1991 WL 183561, at *1, 1991 U.S.Dist. LEXIS 12897 at *2 (quoting *Renfro v. City of Emporia, Kan.,* 732 F.Supp. 1116, 1117 (D.Kan.1990)). The court therefore denies *plaintiff's motion for reconsideration.* "A district court's denial of reconsideration is especially soundly exercised when the party has failed to articulate any reason for the failure to raise an issue at an earlier stage in the litigation [as the plaintiff has so failed here]." *Id.*

Although the court has denied plaintiff's motion for reconsideration for the reasons stated above, the court will exercise its discretion and reconsider its determination of the reasonable rate to be used in the calculation of attorneys' fees. However, as the plaintiff's motion for reconsideration was denied, the court does not need to address the merits of such motion and will reexamine its decision only so far as is necessary to remedy an error of law or prevent injustice.

**B. 1993 Amendment to Rule 11**

■ Before considering whether the court used the appropriate rate in calculating the amount of attorneys' fees to be awarded, the court will first briefly address the applicability of the 1993 amendments to Rule 11 to the present case. This case was previously decided pursuant to the 1983 version of Rule 11, which was in effect until the amendments became effective on December 1, 1993.

In *Knipe v. Skinner,* 19 F.3d 72 (2d Cir. 1994), the Second Circuit recently affirmed this court's decision to impose Rule 11 sanctions on an attorney. However, even though the district court's decision was clearly rendered when the 1983 version of Rule 11 was in effect, the Second Circuit remanded the case to allow the court to exercise its discretion as to whether to impose sanctions in light of the 1993 amendments to Fed.R.Civ.P. 11. Whereas the imposition of sanctions for a Rule 11 violation was mandatory under the 1983 version, the 1993 amendments provide that such an imposition of sanctions is now discretionary. *Knipe,* 19 F.3d at 75, 78.

As the 1993 amendments took effect on December 1, 1993 and were deemed " 'applicable to all proceedings in civil cases thereafter commenced and, insofar as just and practicable, all proceedings in civil cases then pending.' " *id.* at 78, the Second Circuit concluded that "a just and practicable application of the amended Rule 11 requires that the district court be afforded an opportunity to exercise its discretion whether to impose sanctions under the amended version." *Id.* In following this precedent, the court exercises its discretion in the present case and concludes that the imposition of sanctions against plaintiff in the form of attorneys' fees is still warranted for the reasons set forth in this court's original Memorandum, Decision, and Order dated February 25, 1994.

■ Further, although the 1993 version of Rule 11 specifies that "[m]onetary sanctions may not be awarded against a *represented party* for a violation of subdivision (b)(2)," Fed.R.Civ.P. 11(c)(2)(A) (emphasis added), the Notes of the Advisory Committee on Rules clarify that such sanctions for violations involving frivolous contentions of law (Rule 11(b)(2) violations) are more properly imposed solely on the party's attorneys. Fed.R.Civ.P. 11 Advisory Committee's Note, 1993 Amendment. As plaintiff in the present case is a practicing attorney, duly admitted to practice law in the State of New York, he must be held to the same objective standard applied to counsel representing a third party. *See Yosef v. Passamaquoddy Tribe,* 876 F.2d 283, 287 (2d Cir.1989). As such, plaintiff is subject to monetary sanctions for Rule 11 violations involving frivolous contentions of law.

## C. Appropriate Rate to be Used in Calculation of Attorneys' Fees

■ The court will now address whether it used the appropriate rate in calculating the amount of attorneys' fees to be awarded. The court partially granted Defendant Fogarty's application for attorneys' fees in the amount of $11,229.07 and has not yet ruled on Defendant Messina's application for attorneys' fees. However, in granting Defendant Fogarty's award, the court accepted the normal rates charged by the New York City firm hired by Fogarty.

In general, the reasonable rate used in a determination of the amount of attorneys' fees to be awarded "should be calculated according to the prevailing rates in the community *'for similar services by lawyers of reasonably comparable skill, experience and reputation.'* " *Cefali v. Buffalo Brass Co.,* 748 F.Supp. 1011, 1018 (W.D.N.Y.1990) (quoting *Chambless v. Masters, Mates & Pilots Pension Plan,* 885 F.2d 1053, 1058–59 (2d Cir.1989)) (emphasis in original). However, difficulty arises in this determination when, as in the present case, "lawyers come from out of town to litigate a suit." *Donnell v. United States,* 682 F.2d 240, 251 (D.C.Cir. 1982). The Second Circuit therefore has articulated that the proper rule is for the district court to "consider the prevailing rates in the district in which the court sits." *Polk v. New York State Dep't. of Correctional Servs.,* 722 F.2d 23, 25 (2d Cir.1983) (awarding attorneys' fees under Section 1988).

The rationale for this rule lies in its simplicity and neutrality. *Donnell,* 682 F.2d at 251. It allows the district court to determine "the prevailing market rate within its jurisdiction, an inquiry about which it should develop expertise." *Id.* Further, such a rule does not work

> to any clear advantage for either those seeking attorneys' fees or those paying them. High-priced attorneys coming into a jurisdiction in which market rates are lower will have to accept those lower rates for litigation performed there. Similarly, some attorneys may receive fees based on rates higher than they normally command if those higher rates are the norm for the jurisdiction in which the suit was litigated.

*Id.* Therefore, the appropriate hourly fee to be applied in calculating an award of attorneys' fees is the prevailing rate in the district in which the suit is litigated, irrespective of the fee usually charged by the attorney.

Certain exceptions to this rule have been articulated. Such exceptions include: (1) the need for "special expertise of counsel from a distant district," *Polk,* 722 F.2d at 25, (2) "when local counsel is unwilling to handle the case," *In re "Agent Orange" Product Liabili-*

*ty Litigation,* 611 F.Supp. 1296, 1308 (E.D.N.Y.1985), *aff'd in part and rev'd in part,* 818 F.2d 226 (2d Cir.1987), and (3) "when a lawyer files suit in his or her home district that is properly maintainable there, and the case is transferred to the forum district...." *Id.* (quoting *Polk,* 722 F.2d at 25). However, the District of Columbia Circuit articulated that a case for which much of the work must be performed away from the district court's community does not alone provide a sufficient reason for deviating from the general rule. *Donnell,* 682 F.2d at 252.

In the present case, defendants hired attorneys from outside the Northern District to represent them. Although it is understandable that defendants would hire attorneys from the locality in which they live, New York City, the court is bound by the above rule. As this case does not fit into any of the articulated exceptions to the locality rule, the court must apply the prevailing market rates found within the Northern District of New York in its calculation of attorneys' fees to be awarded to defendants. Therefore, the court will award attorneys' fees in the present action based on the following hourly rates:

| Attorney | Type of Work | Hourly Rate |
|----------|--------------|-------------|
| Partner | Legal | $150 |
| | Travel | $ 75 |
| | Ministerial | $ 40 |
| Associate | Legal | $100 |
| Paralegal | Legal | $ 50 |

Applying the above rates to Defendant Fogarty's original Application for Assessment of Sanctions, filed on April 20, 1994, the court has determined that Defendant Fogarty's original award is to be reduced to $8,055.07. This amount represents 50% of Defendant Fogarty's total attorneys' fees and disbursements as recalculated based on the above hourly rates.

The court further partially grants Defendant Messina's Application for Assessment of Sanctions in an amount representing 50% of the total attorneys' fees and disbursements incurred by Defendant Messina. Such fees have been recalculated using the hours supplied by Defendant Messina and the hourly rates outlined above. The court now awards Defendant Messina a total of $6,763.05 in attorneys' fees and costs to be paid by the plaintiff.

**D. Further Sanctions for Defending Against Plaintiff's Motion to Reconsider**

Defendants have also requested further sanctions against the plaintiff in an amount equal to the reasonable legal fees and costs incurred in defending this motion for reconsideration. As the 1993 amendments to Rule 11 were clearly in effect at the time defendants made this request in their opposition papers, such request must be examined under the 1993 version of Rule 11.

Fed.R.Civ.P. 11(c)(1)(A) specifies that "[a] motion for sanctions under this rule shall be made separately from other motions or requests...." Because defendants have not made a separate motion for additional sanctions, their request must be denied. However, assuming *arguendo* that a separate motion was made, the court would still use its discretion to deny sanctions as it does not find plaintiff's arguments in his motion to reconsider to be frivolous.

**III. CONCLUSION**

In sum, the court denies plaintiff's motion for reconsideration, but exercises its discretion to reconsider its determination of the reasonable rate to be used in the calculation of attorneys' fees. The court finds that the imposition of sanctions against plaintiff is still warranted, and as a practicing attorney, plaintiff is subject to monetary sanctions. Such monetary sanctions representing an award of attorneys' fees must be based on the prevailing market rates found within the Northern District of New York. Defendant Fogarty's award is therefore reduced to $8,055.07. Defendant Messina's Application for Assessment of Sanctions is partially granted in the amount of $6,763.05. The court denies further sanctions against plaintiff for bringing this motion to reconsider.

**IT IS SO ORDERED.**