**Kevin CLARK, Plaintiff,**

v.

**C.O. PHILLIPS, C.O. Donnelley, C.O. Byrne, and C.O. Braden, Defendants.**

**No.  93–CV–388(NPM).**

United States District Court, N.D. New York.

June 2, 1997.

Donald R. Gerace, Utica, NY, for Plaintiff.

Dennis C. Vacco, Attorney General of the State of New York, Lisa Renee Harris, Assistant Attorney General, Albany, NY, for Defendants.

## MEMORANDUM–DECISION & ORDER

McCURN, Senior District Judge.

### BACKGROUND

After a four day trial in Syracuse, New York, a jury awarded plaintiff Kevin Clark $10,000.00 in damages in his civil rights action brought pursuant to 42 U.S.C. § 1983. In finding for the plaintiff, the jury concluded that defendants violated plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff now submits this instant application for his attorney's fee pursuant to 42 U.S.C. § 1988. Plaintiff is seeking a total fee and costs in the amount of $10,470.71. That amount is based upon 101.5 hours of service by his attorney, Donald R. Gerace, at an hourly rate of $100.00 plus expenses of $320.71.

Defendants oppose plaintiff's fee request on several grounds, contending that he is entitled to "a much more reasonable fee award in the amount of $ 3,911.91." Defendants' Opposition to Plaintiff's Motion for Attorney Fees ("Def.Opp.") at 2. Primarily, defendants assert that plaintiff has failed to meet his burden of establishing his entitlement to the total fee request inasmuch as he is seeking "payment for hours that are exces-

sive for the tasks described and has requested payment at rate that is inappropriate." *Id.* at 1–2. The basis for defendants' argument that the rate is inappropriate is that the newly enacted Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321, 1996 (the "PLRA" or the "Act"), *inter alia,* sets limitations on the hourly rate which may be awarded to an attorney in prison civil rights litigation. Defendants also assert that the PLRA requires that plaintiff's counsel receive 25% of his fee from plaintiff's $10,-000.00 judgment. In other words, defendants contend that any attorney's fee which they may be obligated to pay should be offset by $2,500.00, payable from plaintiff's judgment. For the foregoing reasons, the court concludes that plaintiff is entitled to $7921.96 for his attorney's fee and costs in connection with this matter.

### DISCUSSION

#### I. *Entitlement to Fees*

Section 1988 provides, in relevant part, that in any action to enforce a provision of 42 U.S.C. § 1983 "the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). While section 1988 generally governs the award of a fee in cases such as this, the PLRA modifies the application of section 1988 to prisoner civil rights suits and essentially adds a second step to the analysis.[1] *See* 42 U.S.C. § 1997e(d).[2] The PLRA

---

1. The PLRA was enacted on April 26, 1996. Counsel for plaintiff was appointed as pro-bono counsel by order of this court on May 28, 1996. Therefore, the PLRA applies to plaintiff's application for his attorney's fee.

2. Section 42 U.S.C. § 1997e(d) provides:

   (d) Attorney's fees

   (1) In any action brought by a prisoner who is confined to any jail, prison, or other correctional facility, in which attorney's fees are authorized under section 1988 of this title, such fees shall not be awarded, except to the extent that—

   (A) the fee was directly and reasonably incurred in proving an actual violation of the plaintiffs rights protected by a statute pursuant to which a fee may be awarded under section 1988 of this title; and

   (B)(i) the amount of the fee is proportionately related to the court ordered relief for the violation; or

   (ii) the fee was directly and reasonably incurred in enforcing the relief ordered for the violation.

   (2) Whenever a monetary judgment is awarded in an action described in paragraph (1), a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant. If the award of attorney's fees is not greater than 150 percent of the judgment, the excess shall be paid by the defendant.

   (3) No award of attorney's fees in an action described in paragraph (1) shall be based on an hourly rate greater than 150 percent of the hourly rate established under section 3006A of Title 18, for payment of court-appointed counsel.

amended 42 U.S.C. § 1997e to provide more stringent limitations on fee awards. *See id.* The PLRA also amended section 1997e to provide that where a monetary judgment is awarded to a prisoner, a portion of the judgment shall be applied to satisfy the amount of the attorney's fee awarded against the defendant. *See id.* Hence, when reviewing an application for an attorney's fee in prisoner civil rights suits, both section 1988 and section 1997e must be analyzed.

■ In the present case, the jury found that defendants violated plaintiff's Eighth Amendment right to be free from cruel and unusual punishment and awarded him $10,-000.00 in damages. Thus, plaintiff is clearly a prevailing party because he was granted actual relief on the merits of his claim and succeeded on the significant issue in this litigation. *See Farrar v. Hobby*, 506 U.S. 103, 111–12, 113 S.Ct. 566, 573, 121 L.Ed.2d 494 (1992) (a party prevails when he receives actual relief on the merits of his claim); *Bridges v. Eastman Kodak Co.*, 102 F.3d 56, 58 (2d Cir.1996) (a party prevails when he succeeds on any significant issue in the litigation which achieves some of the benefit the party sought in bringing suit). However, as noted, the court must additionally find that plaintiff has satisfied the second step of the analysis—the provisions pursuant to the PLRA—before it can determine as a threshold matter that he is entitled to his attorney's fee.

Section 1997e(d)(1)(A) requires that the fee be "directly and reasonably incurred in proving an actual violation of the plaintiff's rights." 42 U.S.C. § 1997e(d)(1)(A). Here, plaintiff proved by a preponderance of the evidence that his constitutional rights were violated. A review of the fee application reveals that the time spent by plaintiff's attorney was incurred in proving and seeking redress for that violation. Thus, under this particular section, the court concludes that the fee sought was directly and reasonably incurred in proving plaintiff's rights were violated. *See Weaver v. Clarke*, 933 F.Supp. 831, 836 (D.Neb.1996) (in dicta, court determined 42 U.S.C. § 1997e(d)(1)(A) would be satisfied for purposes of a fee application where plaintiff presented sufficient evidence to demonstrate that his Eighth Amendment rights were violated).

■ Section 1997e(d)(1)(B) further requires that the amount of the fee be "proportionately related to the court ordered relief for the violation" or that "the fee was directly and reasonably incurred in enforcing the relief ordered for the violation." 42 U.S.C. § 1997e(d)(1)(B)(i) & (ii). In the instant case, as indicated, the jury awarded plaintiff $10,000.00. As will be seen, the court determines that plaintiff is entitled to $7921.96 for his attorney's fee. The court finds that this fee award is "proportionately related" to the relief obtained by plaintiff. *See Hensley v. Eckerhart*, 461 U.S. 424, 432–40, 103 S.Ct. 1933, 1938–43, 76 L.Ed.2d 40 (1983) (Court set forth standard for determining proportionality and "clarif[ied] the proper relationship of the results obtained to an award of attorney's fees."); *cf. Powell v. United States Dep't of Justice*, 569 F.Supp. 1192, 1203–04 (N.D.Cal.1983) (attorney's fee of $14,968.25 was "directly and proportionately related" to success of plaintiff in Freedom of Information Act case where plaintiff brought about release of more than 3,000 pages of non-exempt documents despite government's dilatory tactics).[3] Therefore, plaintiff has also satisfied this section of the Act.[4]

(4) Nothing in this subsection shall prohibit a prisoner from entering into an agreement to pay an attorney's fee in an amount greater than the amount authorized under this subsection, if the fee is paid by the individual rather than by the defendant pursuant to section 1988 of this title.

42 U.S.C. § 1997e(d).

3. While the court has not located any cases construing 42 U.S.C. § 1997e(d)(1)(B)(i), courts have addressed this proportionality issue in other contexts. The court relies on the principles enunciated in the cited cases to the extent relevant, especially given that the legislative history in connection with the PLRA offers little or no guidance in applying this particular provision.

4. Section 1997e(d) appears to contemplate that an award of at least 150 percent of the judgment obtained by plaintiff would be proper under that section, assuming the other requirements of the Act are met, because it contains a provision regarding payment of fees by defendant when the "award of attorney's fees is not greater than 150 percent of the judgment ..." *See* 42 U.S.C. § 1997e(d)(2). Here, plaintiff's fee award is 79%

Accordingly, the court finds that plaintiff is entitled to his attorney's fee because he is a prevailing party within the meaning of 42 U.S.C. § 1988, the fee requested was directly and reasonably incurred in proving the violation of plaintiff's rights, and the amount of the fee is proportionately related to the court ordered relief for the violation.

## II. *Amount of the Fee Award*

In calculating the fee award, the court must multiply a reasonable hourly rate by the hours reasonably expended on the case. *E.g., Luciano v. Olsten Corp.,* 109 F.3d 111, 115 (2d Cir.1997). The fee applicant bears the burden of supporting both the hours worked and the reasonableness of the rates requested. *See Cruz v. Local Union No. 3 of Int'l Brotherhood.,* 34 F.3d 1148, 1160 (2d Cir.1994). When examining such fee requests, district courts are afforded discretion and should not "become enmeshed in a meticulous analysis of every detailed facet of the professional representation." *Seigal v. Merrick,* 619 F.2d 160, 164 n. 8 (2d Cir.1980) (citation and quotations omitted); *see Hensley,* 461 U.S. at 437, 103 S.Ct. at 1941 ("A request for attorney's fees should not result in a second major litigation.") This is especially true where, as here, the district court is familiar with the case and has had the opportunity to observe firsthand the majority of the work performed by plaintiff's attorney. *See Clarke v. Frank,* 960 F.2d 1146, 1153 (2d Cir.1992) (district court must use its own familiarity and experience with the case in calculating the fee award); *Chambless v. Masters, Mates & Pilots Pension Plan,* 885 F.2d 1053, 1057–58 (2d Cir.1989) ("[h]aving tried the case, the district court has the best vantage point from which to assess ... the amount of time reasonably needed to litigate a case"); *see also Hensley,* 461 U.S. at 437, 103 S.Ct. at 1941 (district court has "superior understanding of the litigation"). The court will address the calculation of plaintiff's fee request guided by these general principles.

### A. *Reasonable Hourly Rate*

Plaintiff requests an hourly rate of $100.00. Defendants oppose this rate and maintain that a more reasonable hourly rate is $75 for in-court time and $55 for out-of-court time. Under traditional analysis, the requested $100.00 per hour rate would be more than reasonable, especially given the experience of plaintiff's counsel as well as the success obtained by him. *See Cruz,* 34 F.3d at 1159; *Segarra v. Messina,* 158 F.R.D. 230, 234–235 (N.D.N.Y.1994). However, the analysis does not end here. The PLRA is again implicated in analyzing the appropriate hourly rate to award in prisoner civil rights cases. More specifically, section 1997e(d)(3) provides that the hourly rate cannot be greater than 150 percent of the hourly rate established for court-appointed counsel under 18 U.S.C. § 3006A. *See* 42 U.S.C. § 1997e(d)(3).

Pursuant to 18 U.S.C. § 3006A, the hourly rate for court-appointed counsel is $40.00 per hour for out-of-court time and $60.00 per hour for in-court time unless the Judicial Conference of the United States determines that a higher rate, not to exceed $75.00 per hour, is justified in a particular circuit. *See* 18 U.S.C. § 3006A(d)(1). Pursuant to this section, the established rate in the Northern District of New York is $45.00 per hour for out-of-court time and $65.00 per hour for in-court time. Thus, the PLRA limits the maximum hourly rate to $67.50 for out-of-court time (150% of the $45.00 maximum hourly rate) and $97.50 for in-court time (150% of the $65.00 maximum hourly rate). Implicit in tying the hourly rate in prisoner civil rights cases to those rates set under 18 U.S.C. § 3006A is that when calculating fee awards the court is to draw a distinction between in-court time and out-of-court time. In calculating plaintiff's fee award here, the court will apply the maximum rates permitted under the PLRA, $67.50 for out-of-court time and $97.50 for in-court time. In so doing, the court recognizes the number of years experience of attorney Gerace as well as the quality of representation he rendered on behalf of plaintiff. *See Segarra,* 158 F.R.D. at 234 (court should consider experi-

---

of the judgment awarded. Hence, the fee award does not appear disproportional to the judgment

obtained insofar as what the statute contemplates.

ence and ability of attorney in setting attorney's hourly rate).

## B. *Hours Reasonably Expended*

■ Plaintiff seeks compensation for a total of 101.5 hours for work attorney Gerace performed. In reviewing the hours expended by attorney Gerace, the "task of determining a fair fee requires a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." *Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir.1994). In support of plaintiff's fee request, he submits the billing time records of Mr. Gerace. Such time records, at a minimum, must specify "the date, the hours expended, and the nature of the work done." *New York Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1148 (2d Cir.1983). Plaintiffs counsel is not, however, required to document in significant detail how every minute of his time was expended. *See Hensley*, 461 U.S. at 437, 103 S.Ct. at 1939–40.

The court has reviewed the time records of attorney Gerace and finds that they clearly satisfy the minimum requirements for a fee application. In so concluding, the court finds that overall it has sufficient information before it to determine the reasonableness of the work performed by attorney Gerace as well as the reasonableness of the time he expended on such work. Nonetheless, defendants have asserted several specific objections to plaintiff's fee request which the court will address *seriatim*.

### 1. *Travel Time*

■ Defendants object to the travel time billed in the fee application on the basis that both the rate billed is excessive and the number of hours claimed are excessive. Def. Opp. at 6–7. With respect to the rate billed, it is generally the practice in this district, as well as the practice of this court, to allow for compensation for travel time at a rate less than the billing rate, usually 50% of the billing rate. In keeping with that practice, the court reduces attorney Gerace's travel billing rate to $40.00 per hour, the amount urged by defendants. *See Boston v. Brown*, No. 88–CV–1170, 1996 WL 221561, at *6

(N.D.N.Y. Apr.23, 1996) (McCum, S.J.) (travel time compensated in this district at less than the billing rate (citing cases)).

With respect to the number of hours billed for travel, defendants contend that the 11 hours plaintiff seeks for attorney Gerace's November 21, 1996 travel to Coxsackie Correctional Facility for video testimony is excessive because the length of the trip from Utica to Coxsackie should take no longer than two and one half hours. Def. Opp. at 5–6. Further, as the testimony transcript indicates, it took only one hour and ten minutes to record the video testimony. *See id.* exhibit "A." Therefore, defendants assert that the 11 hours billed for the video testimony should be reduced to five hours of travel time at the hourly rate of $40.00 and one hour and ten minutes at the proposed in-court time of $75.00 per hour for the taking of the video testimony.

■ The court declines to reduce the number of hours sought in connection with the November 21, 1996 video testimony. While the time entry does not distinguish between travel time and the time spent taking the testimony, the court will make that distinction for purposes of calculating this fee award. Insofar as travel time in concerned, plaintiff is entitled to recover for five hours of travel time for his counsel's trip to Coxsackie, at the rate of $40.00 per hour. As to the remaining number of hours billed for that day, although it took only one hour and ten minutes to take the video testimony, plaintiff is entitled to recover for the remaining hours billed because such time was reasonably expended preparation time in connection with taking the testimony.

### 2. *Telephone Conferences*

■ Defendants object to the entries in the time records concerning telephone conferences on the grounds that the entries are vague and the length of the calls are excessive. *See* Def. Opp. at 5–6. During the course of this litigation, attorney Gerace logged 6.33 hours in telephone conversations with his client, defense counsel, and the court. His time records reveal that the length of the calls range from 15 minutes to

35 minutes. Defendants submit that the "average call under the circumstances of this litigation should be no longer than 6 minutes in duration." *Id.* at 6. Defendants, however, offer no justification for what appears to the court to be an arbitrary time limitation of the length of telephone conferences by plaintiff's attorney. Moreover, as the record establishes, many of the telephone calls involved in this litigation were to the court and thus, the court possesses a firsthand basis for reviewing those entries. The calls to the court that are reflected in these entries related to complex issues and, as attorney Gerace's billing records accurately reflect, were significantly longer than the six minutes claimed by defendants. The billing entries, which are consistent with the court's recollection of the phone conferences with plaintiff's counsel, belie defendants' argument that the calls should not be billed in durations longer than six minutes. Accordingly, the court declines to adjust the amount of time sought in the fee request for the telephone conferences based on the defendants' unsubstantiated claim that such time is excessive.

Defendants also claim that the entries for the telephone conferences are unacceptably vague. The court observes that several of the entries for the phone calls are vague inasmuch as they merely reflect that plaintiff's counsel had a phone conversation, with whom he had that conversation, and the length of time of the conversation. However, in many instances the context of vague entries can be rendered clearer by entries preceding and following such vague entries. *Cf. United States Football League v. National Football League,* 704 F.Supp. 474, 477 (S.D.N.Y.) (vague time entries made more specific by subsequent entries) *aff'd,* 887 F.2d 408 (2d Cir.1989); *Lenihan v. City of New York,* 640 F.Supp. 822, 826 (S.D.N.Y.1986) (vague time entries made more specific by subsequent entries thereby allowing court to determine reasonableness of entries). In this instance, by examining the fee request in its totality, as well as the court's firsthand knowledge of many of the calls made by attorney Gerace, the court finds the entries with respect to the telephone conferences are sufficient for the court to determine the reasonableness of the time logged. Accordingly,

the court declines to reduce the fee application with respect to the telephone conference entries.

### 3. *Legal Research*

■ Defendants seek a 20% reduction of the 15 hours expended on legal research because plaintiff does not specify the nature of the research. According to attorney Gerace's time records, however, he did not devote 15 hours exclusively to legal research. Rather, as the entry indicates, the 15 hours was spent researching, reviewing the file, and preparing for trial. That entry is neither vague nor does the court find that 15 hours spent preparing for a four day trial is an excessive amount of time. Accordingly, the court declines to reduce any of the time billed by Mr. Gerace for research and trial preparation.

### 4. *Clerical Work*

Defendants seek a further deduction for work performed by plaintiff's counsel that defendants claim was clerical in nature. Where courts have determined that work performed by an attorney was clerical in nature, deductions have been made for the performance of such work. *See, e.g., Fiacco v. City of Rensselaer,* 663 F.Supp. 743, 746 (N.D.N.Y.1987) (reducing claimed hourly rate for work deemed clerical in nature).

■ The court has reviewed each of the entries objected to by defendants in this regard and concludes that the work performed was not purely clerical in nature. While some entries contain descriptions indicating that correspondence was transmitted (a clerical function), defendants have misconstrued the entries. The entries reveal that the correspondence that was transmitted (the portion defendants object to) was also prepared during the billed time period. For example, one of the entries objected to on June 14, 1996 describes the task as follows: "Preparation and transmittal of correspondence to Kevin Clark." The court believes that the time claimed is for the preparation of the correspondence, not the transmittal. The reference to transmittal is simply a notation or a record that the letter was forward-

ed, as is often indicated on attorney's time sheets. Therefore, the court declines to reduce any claimed amount for work performed that was allegedly clerical in nature.

### 5. *Costs and Disbursements*

██ In addition to his attorney's fee, plaintiff also seeks costs and expenses associated with this action. Generally, in fee applications where an attorney's fee is authorized by statute, reasonable costs and expenses will be awarded to the extent that they are chargeable to a paying client. *See, e.g., Reichman v. Bonsignore, Brignati & Mazzotta, P.C.,* 818 F.2d 278, 283 (2d Cir.1987).

Defendants only object to plaintiff's request for reimbursement for his attorney's lunch while he was out of the office. The basis for this objection is that the plaintiff failed to establish that this is a cost normally billed to paying clients. Alternatively, defendants assert that the $52.50 sought for meals over a five day period is excessive and should be reduced to allow for no more than $25.00 in total, or $5.00 a day.

██ Defendants' arguments are without merit. First, an attorney who is away from his office for the benefit of his client is entitled to be reimbursed for meal expenses. Second, $52.50 for five meals is not excessive. Accordingly, because these meal expenses are chargeable as a cost to paying clients and because the amount charged is reasonable, the court will not deduct the costs charged for Mr. Gerace's meals from plaintiff's fee request.

### III. *Payment of Fees from Judgment*

Having concluded that plaintiff is entitled to his attorney's fee and having set forth the basis for calculating that amount, the court must address the issue of payment of a portion of the attorney's fee from the $10,000.00 judgment obtained by plaintiff. As noted earlier, section 1997e(d)(2) provides that where a monetary judgment is awarded to a prisoner, a portion of the judgment, not to exceed 25%, shall be applied to satisfy the amount of the attorney's fee awarded against the defendants. *See* 42 U.S.C. § 1997e(d)(2).

A plain reading of this particular section of the statute indicates that the court may, within its discretion, apply any portion of the judgment up to 25% to satisfy an amount of the attorney's fee awarded against defendants. *See id.* Here, the defendants request that the full 25% of the judgment be used to offset the amount of the fee award. Plaintiff is not opposing such a request, and the court believes 25% is a reasonable offset. Accordingly, 25% of the judgment obtained by plaintiff shall be applied to the amount of the attorney's fee awarded herein.

### CONCLUSION

██ For the reasons set forth herein, plaintiff Kevin Clark is entitled to an award of his attorney's fee as well as costs, payable to his attorney Donald R. Gerace, in the amount of $7921.96.[5] Furthermore, the court directs that 25% of the $10,000.00 judgment obtained by plaintiff ($2,500.00) be applied toward the $7,921.96 to satisfy this award. Accordingly, defendants are responsible for $5,421.96 of the outstanding fee recovered, with the remaining portion of the fee awarded ($2,500.00) to be paid from plaintiff's judgment in the underlying action.

IT IS SO ORDERED.

---

**5.** The $7921.96 was calculated as follows:

| | | |
|---|---|---|
| 36 hours in-court time at $97.50 | = | $3510.00 |
| 53.5 hours out-of-court time at $67.50 | = | $3611.25 |
| 12 hours travel time at $40.00 | = | $ 480.00 |
| Costs and disbursements | = | $ 320.71 |
| Total | = | $7921.96 |