**Jimmy SEARLES, Plaintiff,**

v.

**Durward A. VAN BEBBER, Defendant.**

**No. Civ.A. 96–3515–KHV.**

United States District Court,
D. Kansas.

July 27, 1999.

## MEMORANDUM AND ORDER

VRATIL, District Judge.

This matter comes before the Court on *Plaintiff's Motion For Attorneys' Fees Pursuant To 42 U.S.C. § 1988* (Doc. # 91) filed March 5, 1999. Plaintiff brought suit against defendant under 42 U.S.C. § 1983, alleging violations of his right to free exercise of religion. On February 19, 1999, a jury awarded plaintiff actual damages of $3,650 and punitive damages of $42,500. Plaintiff now seeks fees of $31,629.98 and costs and expenses of $2,176.64. For the reasons stated below, the Court sustains plaintiff's motion in part and awards $30,621.83 in fees and $1,210.90 in expenses.[1]

A prevailing plaintiff under Section 1983 is entitled to attorneys' fees under 42 U.S.C. § 1988. "[P]laintiffs may be considered 'prevailing parties' for attorneys'

fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir.1978)); *see also Alexander S. v. Boyd*, 113 F.3d 1373, 1388 (4th Cir.1997). "Determining the amount of such an award is committed to the district court's discretion." *Carter v. Sedgwick County*, 36 F.3d 952, 956 (10th Cir.1994). "The presumptively reasonable attorney's fee is the product of reasonable hours times a reasonable rate." *Id.* (further quotations and citations omitted). This calculation yields a "lodestar" figure which is subject to adjustment. *Blum v. Stenson*, 465 U.S. 886, 888, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). In addition, because plaintiff's fee request is governed by the attorneys' fee provisions of the Prison Litigation Reform Act ("PLRA"), plaintiff must show that the fee request was directly and reasonably incurred in proving a violation of his rights and that the fee was proportional to plaintiff's relief.[2] *See* 42 U.S.C. § 1997e(d)(1); *Clark v. Phillips*, 965 F.Supp. 331 (N.D.N.Y.1997).

1. Plaintiff also seeks to recover deposition and copying costs. As both parties recognize, these expenses are covered by 28 U.S.C. § 1920. The Clerk of the Court has not yet taxed costs, and the Court will not consider the issue.

2. 42 U.S.C. § 1997e(d) provides:
   (1) In any action brought by a prisoner who is confined to any jail, prison, or other correctional facility, in which attorney's fees are authorized under section 1988 of this title, such fees shall not be awarded, except to the extent that—
   (A) the fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights protected by a statute pursuant to which a fee may be awarded under section 1988 of this title; and
   (B)(i) the amount of the fee is proportionately related to the court ordered relief for the violation; or
   (ii) the fee was directly and reasonably incurred in enforcing the relief ordered for the violation.

   (2) Whenever a monetary judgment is awarded in an action described in paragraph (1), a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant. If the award of attorney's fees is not greater than 150 percent of the judgment, the excess shall be paid by the defendant.
   (3) No award of attorney's fees in an action described in paragraph (1) shall be based on an hourly rate greater than 150 percent of the hourly rate established under section 3006A of Title 18, for payment of court-appointed counsel.
   (4) Nothing in this subsection shall prohibit a prisoner from entering into an agreement to pay an attorney's fee in an amount greater than the amount authorized under this subsection, if the fee is paid by the individual rather than by the defendant pursuant to section 1988 of this title.

The Court first considers defendant's request to stay any award of attorneys' fees and expenses until defendant completes his appeal. Defendant argues that depending upon the outcome of that appeal, plaintiff might not be a prevailing party and would therefore not be entitled to any award. The Court denies defendant's request and considers plaintiff's request for an award. By so doing, defendant will then have the opportunity to challenge any award as part of his pending appeal. If defendant's appeal alters plaintiff's status as a prevailing party, the fee award can obviously be amended.

### 1. Reasonable Hourly Rate

■ In setting the hourly rate, "the court should establish, from the information provided to it and from its own analysis of the level of performance and skills of each lawyer whose work is to be compensated, a billing rate for each lawyer based upon the norm for comparable private firm lawyers in the area in which the court sits calculated as of the time the court awards fees." *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir.1983). A reasonable hourly rate comports with rates "prevailing in the community for similar services for lawyers of reasonably competent skill, experience, and reputation." *Blum*, 465 U.S. at 896 n. 11, 104 S.Ct. 1541.

Under the PLRA, "[n]o award of attorney's fees ... shall be based on an hourly rate greater than 150 percent of the hourly rate established under [18 U.S.C. § 3006A] for payment of court-appointed counsel." 42 U.S.C. § 1997e(d)(3). Under 18 U.S.C. § 3006A, the Court can only award "$60 per hour for time expended in court ... and $40 per hour for time reasonably expended out of court, unless the Judicial Conference determines that a higher rate

of not in excess of $75 per hour is justified for a circuit or for particular districts." As the parties both note, the Judicial Conference of the Court of Appeals for the Tenth Circuit limits attorneys' fees to $65 per hour for time spent in court and $45 per hour for time spent out of court. Defendant argues that plaintiff should receive this $65/$45 rate. Plaintiff seeks the 150 percent maximum under Section 1997e(d)(3)—$97.50 for in-court time and $67.50 for out-of-court time for Scott Nehrbass and Greg Wolf.[3]

Defendant argues that plaintiff fails to show that counsel is sufficiently experienced to justify $97.50 and $67.50. The PLRA does not provide a scheme, however, for differentiating between the hourly rate charged by attorneys of varying experience levels. *Roberson v. Brassell*, 29 F.Supp.2d 346, 351 (S.D.Tex.1998) (citing *Chatin v. State of New York*, No. 96 Civ. 420(DLC), 1998 WL 293992, at *2 (S.D.N.Y. June 4, 1998)). Other federal courts have mechanically granted the 150 percent maximum, with little or no consideration of experience. *See Hernandez v. Kalinowski*, 146 F.3d 196 (3d Cir.1998); *Alexander S.*, 113 F.3d at 1388; *Roberson*, 29 F.Supp.2d at 351; *Rodriguez v. Zavaras*, 22 F.Supp.2d 1196, 1202 (D.Colo.1998); *Chatin*, 1998 WL at *2. In the Court's view, the experience of counsel is important in determining the appropriate award, but the maximum allowable rate under Section 1997e(d)(3) is so low—relative to market rates—that counsel would be hard pressed to be so inexperienced as to not deserve the maximum rate.[4]

■ Plaintiff provides sufficient evidence of the experience of counsel to justify the maximum hourly rate. Mr. Nehrbass graduated law school in 1993, worked

---

**3.** Plaintiff only seeks compensation for out-of-court time for Greg Wolf, even though he appeared in court and participated quite meaningfully in the trial.

**4.** For example, the Court recently awarded $120 per hour for lead counsel and $90 for co-counsel with similar if not less experience

than co-counsel in this case. *See Glover v. Heart of America Management, et al.*, 1999 WL 450895 No. Civ. A. 98–2125–KHV, *Memorandum & Order* (Doc. # 150) filed May 5, 1999. The Court's award in *Glover* was a substantial reduction from the hourly rates which plaintiff requested—$165 per hour and $145 per hour. *See id.*

for two years as law clerk to the Honorable Monti L. Belot in the District of Kansas, and has worked for four years in private practice. He has experience working on religious freedom cases. Mr. Wolf graduated law school in 1995, worked for two years as a law clerk to the Honorable John W. Lungstrum in the District of Kansas, and has been in private practice for two years, working as a litigation associate. Both attorneys performed admirably—outshining many attorneys of considerably greater trial experience—and obtained excellent results at trial. Given the Court's knowledge of market rates in the community, the hourly rates which plaintiff requests are beyond reasonable; defendant is getting a windfall because of the PLRA limitations. The Court therefore will award an hourly rate of $97.50 for in-court time for Mr. Nehrbass and $67.50 for his out-of-court time. The Court likewise awards an hourly rate of $67.50 for out-of-court time by Mr. Wolf.

■ Plaintiff also requests hourly rates of $30 for Mary Ann Gaston, a legal assistant, and $45 per hour for Jason Pepe, a law clerk. Defendant argues that these numbers are arbitrary and are not reasonable. While plaintiff does not provide evidence of the prevailing market rates, the Court finds that plaintiff's request is lower than the going market rate. Recently, in *Hampton v. Dillard Dep't Stores, Inc.*, 1998 WL 724045 (D.Kan. Sept.24, 1998), the Court awarded $55 per hour for a law clerk and $65 per hour for a paralegal. *Id.* at *2. Plaintiff's requested rates are not only reasonable, they reflect a reduction that is appropriate in light of the restrictions in Section 1997e(d)(3). *See Roberson*, 29 F.Supp.2d at 353.

## 2. Number of Hours

Defendant challenges the total hours which plaintiff requests as "excessive, redundant, unnecessary and duplicative." Defendant's *Response To Plaintiff's Motion For Attorneys' Fees and Expenses* (Doc. # 105) at 17. Attorneys normally do not bill all hours expended in litigation to a client, and "an applicant should exercise 'billing judgment' with respect to a claim of the number of hours worked." *Ellis v. University of Kan. Med. Ctr.*, 163 F.3d 1186, 1202 (10th Cir.1998) (quoting *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996) (further quotations and citations omitted)). To show billing judgment, " '[c]ounsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary' . . . [and the] district court has a corresponding obligation to exclude hours not 'reasonably expended' from the calculation." *Id.*

Defendant argues that plaintiff generally has not made a good-faith effort to exclude duplicative and excessive time. The Court disagrees. Plaintiff states that he has eliminated all duplicative requests, and a review of plaintiff's requested hours shows that he has in fact made a reasonable effort to exclude duplicative time. *See Plaintiff's Memorandum In Support Of His Motion For Attorneys' Fees and Expenses* (Doc. # 97) at 7 n. 3. Plaintiff has also made a good-faith effort to exclude time that is not compensable, such as time spent deposing Steven Dechant, one of the defendants who won at trial. *See id.* at 8. Also, the record does not reflect any broad-scale excessive billing by counsel. To the extent that particular entries are excessive, the Court deals with them below. In short, the Court is satisfied that plaintiff has made a sufficient effort to exclude duplicative, unnecessary, excessive and noncompensable time.

Defendant specifically lists 61 examples of purportedly questionable entries. Defendant challenges many of plaintiff's entries as duplicative or redundant, apparently because the entries are similar. The Court has reviewed every challenged entry, and the evidence shows that in most cases, when one person was involved, the person merely continued working on a particular task at a different time. Similarly, when two or more people were involved, one person prepared work for review by others, or two persons worked on different

parts of a related task. For example, defendant argues that Mr. Nehrbass duplicated Ms. Gaston's time when he reviewed the cast of characters and chronology which Ms. Gaston prepared. The evidence, however, shows that the work which he performed was not duplicative. Ms. Gaston prepared these materials and Mr. Nehrbass reviewed them. *See Plaintiff's Memorandum In Support Of His Motion For Attorneys' Fees And Expenses* (Doc. # 97), Ex. E at 4. This is not duplication of effort.

Defendant apparently challenges many of the entries because they state that a person "worked with" another person. Such language does not evidence duplicative billing, however, unless both persons seek compensation for the same work. The record shows that in most cases, only one of the two persons seeks compensation for these entries. In the other cases, the tasks are separable and the entries therefore suggest that the two persons were working on different parts of the same task.

Defendant also challenges much time as excessive because plaintiff fails to show that Mr. Nehrbass was unable to handle all tasks by himself. Defendant apparently believes that Mr. Nehrbass did not need all of the people who assisted him. The Court disagrees. First, defendant's argument misses the mark. The issue is not how many people performed the work, but whether the amount of work performed was reasonable. In this regard, defendant makes the interesting argument that because several individuals worked on the case in a given day, driving the number of billable hours up for that day, the time spent is unreasonable. The Court fails to see how a large number of billable hours in one day equates to unreasonableness on its face. While such entries could be unreasonable if they reflected duplication of efforts, the Court has reviewed the challenged entries and sees a variety of separate tasks performed by separate individuals. In addition, the tasks listed are important to plaintiff's representation and do not reflect unreasonable time. If other persons had not performed them, Mr. Nehrbass would have performed them at a higher hourly rate. By utilizing other people, particularly legal assistants, Mr. Nehrbass was able to perform necessary work more efficiently and often at a cheaper rate than he would command if he had performed the work himself.[5]

■ Defendant asserts that Mr. Nehrbass excessively spent a half hour reviewing the Court's scheduling order in this case. First, the evidence shows that Mr. Nehrbass also spent this time reviewing the case file. *See* Doc. # 97, Ex. E at 5. Second, given the detail and importance of the Court's scheduling order in civil cases, attorneys can reasonably spend half an hour reviewing and docketing the various requirements.

■ Defendant challenges time spent by Ms. Gaston and Mr. Nehrbass to contact religious and civil rights organizations. *See* Doc. # 97, Ex. E at 6, 8. Defendant argues that this work was unnecessary. The Court finds that contacting these organizations was reasonably necessary in light of plaintiff's freedom of religion claim, and that the time spent is not unreasonable.

Defendant challenges .30 hours spent by Ms. Gaston to write a memo to Mr. Wolf. *See* Doc. # 97, Ex. E at 7. Defendant asserts that the entry is unclear, but plaintiff replies that Mr. Wolf had just entered the case, and Ms. Gaston prepared the memo to bring Mr. Wolf up to speed. The Court finds that the entry is not unclear given the surrounding circumstances and that the minimal time spent is compensable.

■ Defendant challenges a total of 3.5 hours which Mr. Nehrbass, Mr. Wolf and Ms. Gaston spent working on a two-page motion in limine. Plaintiff responds that

---

**5.** Plaintiff does agree to strike 7.1 hours spent by Mr. Wolf at trial. *See Plaintiff's Reply To*

*Defendant's Response To Motion For Attorneys' Fees And Expenses* (Doc. # 108) at 13.

these entries include time spent researching issues which plaintiff did not raise because plaintiff reached an agreement with defendant regarding the evidence. The Court finds that the time requested is reasonable. Defendant also challenges time spent by Mr. Wolf and Mr. Nehrbass in preparing a reply which they never filed. Plaintiff responds that they prepared the reply in addition to contacting defense counsel in an attempt to resolve the issue. Because the parties reached an agreement, plaintiff did not need to file a reply. The Court finds nothing unreasonable about this approach.

■ Defendant challenges 13.75 hours spent by Mr. Pepe researching the Prison Litigation Reform Act; especially 42 U.S.C. § 1997e(e). *See* Doc. # 97, Ex. E at 26–27. As plaintiff notes, Section 1997e(e)—which imposes a limit on mental and emotional damages—was a key issue in this case. Defendant concedes that his appeal is based in large part on this very issue. *See Response To Plaintiff's Motion For Attorneys' Fees and Expenses* (Doc. # 105) at 2. Given the importance of the issue to this case, the Court cannot say that 13.75 hours of research was unreasonable, especially considering that Section 1997e(e) and the entire PLRA are recent developments which are currently being litigated heavily throughout the federal judicial system.

■ Defendant argues that the 15.5 hours which Ms. Gaston spent reviewing plaintiff's medical file and defendant's personnel file is excessive. *See* Doc. # 97, Ex. E at 5–6. Plaintiff responds that his medical file exceeded 2,000 pages. In addition, these entries show that Ms. Gaston was performing other tasks in addition to reviewing documents. The evidence also shows, however, that part of Ms. Gaston's time on August 31, 1998 (seven hours) was spent reviewing the files of other defendants in this action, against whom plaintiff lost at trial. *See* Doc. # 97, Ex. E at 6. Plaintiff does not show how this work was necessary to his claims against this defendant and the Court therefore cuts this

entry by two thirds, to 2.34 hours. *See Reazin v. Blue Cross and Blue Shield of Kan., Inc.* 899 F.2d 951, 980 (10th Cir. 1990).

■ Defendant challenges 7.2 hours spent by Mr. Wolf to "review outstanding discovery and begin drafting responses," and to "review [an] article on preparing [a] witness for deposition." *See* Doc. # 97, Ex. E at 12. Plaintiff's counsel is not entitled to compensation for time spent reviewing background materials about the general area of law. *See Case v. Unified Sch. Dist.,* 157 F.3d 1243, 1253 (10th Cir. 1998) (citing *Ramos,* 713 F.2d at 554). The time spent by Mr. Wolf to review an article on depositions is therefore not compensable. Because the record is unclear regarding how to separate this task, the Court simply cuts the entry in half to 3.6 hours.

On November 11, 1998, Mr. Wolf spent 3 hours drafting and revising plaintiff's facts and legal issues for the pretrial order. *See* Doc. # 97, Ex. E at 16. Defendant argues that this amount of time is excessive because this portion of the pretrial order consisted of only two double-spaced pages. While plaintiff correctly argues that it was important to be thorough in the pretrial order, the Court finds that the time requested is excessive, especially in combination with the other entries which show even more work on the pretrial order. *See* Doc. # 97, Ex. E at 16–17. The Court finds that two hours is a reasonable period of time for the work reported on November 11, 1998.

■ Defendant challenges time spent by Ms. Gaston in subpoenaing another inmate. *See* Doc. # 97, Ex. E at 23–24. Defendant argues that plaintiff requests an unreasonable amount of time for this task. Plaintiff argues that counsel was unaware of the procedure and requirements for subpoenaing an inmate, but defendant is not required to compensate plaintiff for the extra time counsel spent because of their inexperience. *See Case,*

157 F.3d at 1253 (citing *Ramos*, 713 F.2d at 554). Defendant also argues that because the inmate did not appear at trial, plaintiff cannot recover for time spent subpoenaing the inmate. Plaintiff asserts that the background behind calling the inmate is privileged. The Court therefore cannot determine whether his appearance was necessary. Because plaintiff bears the burden of showing that the time requested is compensable, *Ellis*, 163 F.3d at 1203, the Court strikes the 2.6 hours listed in entries 4893570 and 4893573. *See* Doc. # 97, Ex. E at 23–24.

### 3. Lodestar Calculation

Based on the above discussion, the Court calculates the lodestar as follows:

| Person | Hours | Rate | Total |
|---|---|---|---|
| Scott Nehrbass (in court) | 24.50 | $97.50 | $ 2,388.75 |
| Scott Nehrbass (out of court) | 218.75 | $67.50 | $14,765.63 |
| Greg Wolf | 113.20 | $67.50 | $ 7,641.00 |
| Mary Anne Gaston | 150.34 | $30.00 | $ 4,510.20 |
| Jason Pepe | 29.25 | $45.00 | $ 1,316.25 |
| **Total** | | | $30,621.83 |

In *Hensley*, the Supreme Court stated that once a court has determined the lodestar amount, "[t]here remain other considerations that may lead the district court to adjust the fee upward or downward." 461 U.S. at 434, 103 S.Ct. 1933. Neither party argues for a change in the lodestar, and the Court sees no reason to alter the fee award.[6]

### 4. Expenses

Plaintiff in addition to attorneys' fees, the prevailing party is entitled to recover reasonable expenses that are usually itemized and billed separately, as long as the expenses are reasonable. *See Sussman v. Patterson*, 108 F.3d 1206, 1213 (10th Cir. 1997). Plaintiff seeks to recover $1,445.76 in expenses. Defendant objects to every expense set forth.

#### a. Long Distance Phone Calls and Faxes

Plaintiff seeks $200.15 in long-distance calls and $23.53 for long-distance faxes. Defendant argues that this expense is covered by counsel's hourly rates. Plaintiff disagrees, and plaintiff's records show that long-distance expenses are billed on top of counsel's hourly rates. *See* Doc. # 97, Ex. E at 56. Defendant next argues that plaintiff fails to provide any sort of telephone log. This is simply wrong. Plaintiff provides an extensive list of the long-distance phone calls and faxes which counsel made. *See* Doc. # 97, Ex. E at 49–53. Plaintiff's evidence does not show the purpose of every long-distance call and fax, but the total expense for long distance communications in this case appears to be well within the bounds of reason, and reasonable timekeeping practices do not require counsel to itemize the purpose of each telephone call and telecopy. In this case, plaintiff's counsel was located in Kansas City, plaintiff was located in Hutchinson, and defense counsel was located in Topeka. It is therefore obvious that long-distance calls and faxes were reasonably necessary. The Court awards $200.15 and $23.53.

#### b. Fax Expenses

Plaintiff seeks $86.50 for 167 pages of faxed materials. While plaintiff seeks $0.50 per page, defendant argues that this amount is excessive. Plaintiff's evidence establishes that counsel's firm charges $1.00 per page for faxes, and plaintiff has therefore cut this rate in half. *See* Doc. # 97, Ex. E at 56. The Court finds that $0.50 per page is not excessive. Defendant also argues that plaintiff fails to show that the number of faxes was reasonable. Plaintiff responds that most of the faxes were sent for the convenience of defense counsel, to allow counsel to receive a copy earlier than if plaintiff used regular

---

**6.** Given the limits set forth in Section 1997e(d)(3), the Court likely could not grant plaintiff an increase.

mail—especially during the last few days before trial. While the Court understands and agrees that some of the faxes were reasonably necessary to assisting the litigation and encouraging rapid resolution of some issues (such as an agreed pretrial order), plaintiff fails to provide any indication of what the faxes related to. The Court cannot determine which faxes were reasonably necessary and which were merely for the sake of convenience. To compensate for this, the Court would generally cut plaintiff's request in half, but plaintiff has already cut his request to half of what counsel's firm would usually charge. The Court therefore finds that plaintiff has taken adequate steps to reduce this expense to a reasonable amount.

### c. Online Research Charges

■ Plaintiff seeks $475.29 for online computerized research, a reduction from over $1,000 in expenses actually incurred. Defendant argues that this request is excessive because counsel could have done the same work manually. Plaintiff argues that using manual research methods would take more time and that the computerized research therefore saved money. While the Court recognizes that computerized research can save time, it also recognizes that computerized research is far more expensive than manual research. Using counsel's hourly rate of $67.50, online research would have to take almost seven hours less than manual research for plaintiff's requested online expenses of $475.29 to actually save money over manual research. Plaintiff's entries do not reflect the amount of time spent online or the specific items researched. *See* Doc. # 97, Ex. E at 55. The Court therefore cannot say that plaintiff saved vast amounts of manual research time or that all of the time spent online is fully compensable. Because computerized research obviously saved some time, however, and because the relevant issues are so recent, the Court finds that an award of $300 is reasonable in this case. *See Case,* 157 F.3d at 1258; *United Phosphorus, Ltd. v. Midland*

*Fumigant, Inc.,* 21 F.Supp.2d 1255, 1262 (D.Kan.1998).

### d. Postage Costs

■ Plaintiff seeks to recover $17.98 for postage and $15.95 for delivery expenses. Defendant argues first that postage is part of counsel's overhead. Plaintiff responds that counsel bills postage for client-related mail to the client. The Court finds that $17.98 is reasonable for postage. Defendant also challenges counsel's use of rush delivery for some items. Plaintiff provides no explanation of why rapid delivery was necessary, and the Court therefore excludes the $15.95 which plaintiff requests for rush delivery expenses. *See United Phosphorus,* 21 F.Supp.2d at 1263.

### e. Travel, Lodging and Meals

■ Plaintiff originally sought $622.96 for travel, lodging and meals, but has eliminated his request for $40.22 for a meal with defense counsel which defense counsel believed was social rather than billable. Plaintiff contends that the rest of the requested expenses are reasonable. Defendant complains about a meal expense of $51.41 which Mr. Nehrbass incurred when meeting plaintiff in Lansing. The Court does not find any such entry. Defendant also challenges travel and meal expenses of Mr. Nehrbass and Ms. Gaston in attending the trial. Defendant argues that these expenses are part of firm overhead and are not billed to a client. The Court disagrees. Plaintiff's evidence shows that counsel's firm bills these expenses to clients. *See* Doc. # 97, Ex. E at 56. Plaintiff's entries regarding travel, lodging and meals are reasonable, especially given the travel required for counsel to visit plaintiff in Hutchinson. The Court awards $582.74 in travel, meals and lodging.

### 4. Section 1997e(d)(2)

■ Based on the above discussion, the Court determines that $30,621.83 is a reasonable fee award and $1,210.90 is reason-

able for plaintiff's expenses. In addition, the Court finds that the fees and expenses which plaintiff requests were "directly and reasonably incurred in proving an actual violation of [his] rights." 42 U.S.C. § 1997e(d)(1); *Clark,* 965 F.Supp. at 331. Likewise, the Court finds that the fee award is sufficiently proportional to plaintiff's relief 42 U.S.C. § 1997e(d)(1). Normally, these findings would end the Court's analysis, but because plaintiff is an inmate, Section 1997e place yet another limit on his recovery. Under Section 1997e(d)(2),

> Whenever a monetary judgment is awarded ... a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorneys' fees awarded against the defendant. If the award of attorneys' fees is not greater than 150 percent of the judgment, the excess shall be paid by the defendant.

One could argue that the phrase "a portion of the judgment" gives the Court discretion to determine what constitutes a proper portion. *See Collins v. Algarin,* 1998 WL 10234 at *10 (E.D.Pa. Jan.09, 1998) (PLRA does not impose any minimum percentage that must be applied toward the fees). The phrase is unclear, see *Blissett v. Casey,* 147 F.3d 218, 220 (2nd Cir.1998), but the more plausible interpretation (especially given the other limits that Section 1997e places on both prisoners and the courts) is that the Court must automatically apply plaintiff's fee award against his damages to the extent that it does not exceed 25 percent of the damages. *See Roberson,* 29 F.Supp.2d at 355 (reducing damages by entire fee award when award was under 25 percent of total damages). In this case, plaintiff's total damages amount to $46,150, and 25 percent of this amounts to $11,537.50. Because plaintiff's award of attorneys' fees and expenses exceeds $11,537.50, the Court reduces plaintiff's damages by $11,537.50 to $34,612.50.[7] *See Roberson,* 29 F.Supp.2d at 355.

---

**7.** At this juncture, the Court has no occasion to question whether the reduction should offset defendant's liability for compensatory, as

**IT IS THEREFORE ORDERED** that *Plaintiff's Motion For Attorneys' Fees Pursuant To 42 U.S.C. § 1988* (Doc. # 91) filed March 5, 1999 be and hereby is **SUSTAINED** in part. Plaintiff shall recover $30,621.83 in fees and $1,210.90 in expenses. The Court reduces plaintiff's award of damages to $34,612.50.

opposed to punitive, damages. The Court notes merely that his total liability is reduced.