KAHRE–RICHARDES FAMILY FOUNDATION, INC., and The Panamerican/Panafrican Association, Inc., as Successor in Interest to the Panamerican Association for the Festival of the New World, Inc., Robert S. Pritchard, as Chairman, and Individually, Plaintiffs,

v.

The VILLAGE OF BALDWINSVILLE, NEW YORK, The County of Onondaga, John Doe and Richard Roe, in Their Capacities as Agents of the County of Onondaga and the Village of Baldwinsville, Rob Roy Pools, Inc., Robert M. Weichert and Susan M. Weichert, in Their Individual Capacities, and as Officers of Rob Roy Pools, Inc., Defendants.

No. 94–CV–1045 (FJS) (GJD).

United States District Court, N.D. New York.

Feb. 6, 1997.

---

Barbara M. Sims, Office of Barbara M. Sims, Buffalo, NY, Carole C. Livsey, Office of Carole C. Livsey, Rochester, NY, for Plaintiffs.

J.C. Engelbrecht, Office of J.C. Engelbrecht, Syracuse, NY, for Village of Baldwinsville Defendants.

Martin J. Murphy, Onondaga County Attorney, Department of Social Services, Syracuse, NY, for Onondaga County Defendants.

Verner R. Love, Office of Verner R. Love, Syracuse, NY, for Defendant Rob Roy Pools, Inc. and Susan M. Weichert.

Robert M. Weichert, Baldwinsville, NY, pro se.

## MEMORANDUM–DECISION AND ORDER

SCULLIN, District Judge.

This action involves a number of claims brought pursuant to 42 U.S.C. §§ 1981, 1982, 1983, and 1988 arising from a conflict over the rightful ownership of Applecrest, a Tudor mansion and premises located in Baldwinsville, New York. In essence, Plaintiffs claimed that, because they are African–American, they were denied their rights to possess and own the property through the unjustified tax sale and transfer of title to the property by Defendants Village of Baldwinsville and Onondaga County to Defendants Susan Weichert, Robert Weichert, and Rob Roy Pools, Inc. The filing of this federal action followed fourteen years of litigation in state court, where Plaintiffs sued the Defendants over the validity of tax assessments, a tax sale, and subsequent transfer of title to Applecrest. Plaintiffs were unsuccessful in each of their state court actions.

In this action, following Defendants' motion for summary judgment, the Court found that Plaintiffs' federal claims were barred by the doctrine of res judicata because the federal claims originated from the identical facts which were at issue in Plaintiffs' state court claims.[1] At that time, the Court denied Defendants' application for attorney's fees but granted leave to renew without prejudice following briefing of the issue by all of the parties. Presently before the Court is Defendants' renewed application for attorney's fees pursuant to 42 U.S.C. § 1988 and motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure.

### Discussion

### I. Application for Attorney's Fees

42 U.S.C. § 1988 provides that, "[i]n any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, . . ., the court, in its discretion may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." To award a prevailing defendant attorney's fees under this section, it must be demonstrated that the plaintiff's complaint was "frivolous, unreasonable, or groundless, or the plaintiff continued to litigate after it clearly became so." *Hughes v. Rowe*, 449 U.S. 5, 15, 101 S.Ct. 173, 179, 66 L.Ed.2d 163 (1980); *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422, 98 S.Ct. 694, 700–01, 54 L.Ed.2d 648 (1978).

While an award of attorney's fees may not be mandated in every instance where a defendant prevails on the basis of res judicata, the Court finds that circumstances exist in the case at bar which render an award appropriate. In particular, at an early stage in Plaintiffs' case,[2] the Court warned the Plaintiffs that they were not likely to succeed on the merits because of the doctrine of res judicata. Despite this warning, Plaintiffs continued their action, engaging in extensive discovery prior to Defendants' motion for summary judgment. In their opposition to Defendants' motion for summary judgment, Plaintiffs continued to assert that res judicata did not apply, despite clear precedent to the contrary. Therefore, in that Plaintiffs

---

1. In March 1995, Defendants moved to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim or, in the alternative, for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Because both parties treated the motion as one for summary judgment, the Court treated the motion similarly.

2. In September 1994, Plaintiffs applied for a temporary restraining order.

continued to litigate after it became clear that their action was unreasonable and frivolous, the Court finds that Plaintiffs are responsible for Defendants' attorney's fees.

## II. *Motion for Rule 11 Sanctions*

■ Defendants have also moved for sanctions against Plaintiffs' attorneys pursuant to Rule 11 of the Federal Rules of Civil Procedure. Rule 11(b) provides in relevant part that monetary sanctions may be awarded against an attorney who submits papers to the Court containing claims, defenses, and other legal contentions that are not warranted by existing law or makes a frivolous argument for the extension, modification, or reversal of existing law. Fed.R.Civ.P. 11(b)(2). In making this determination, the court must focus not upon the attorney's subjective good faith belief, but upon whether his or her conduct was objectively reasonable under the circumstances. *Business Guides v. Chromatic Communications Enters., Inc.*, 498 U.S. 533, 551, 111 S.Ct. 922, 933, 112 L.Ed.2d 1140 (1991). In cases "where it is clear that a party's attorney should have known that there was absolutely no possibility of prevailing on the merits given the precedent against the claims, sanctions are necessary to deter such counsel from wasting the time and resources of the adversaries as well as the court." *Cohen v. Bane*, 853 F.Supp. 620, 629 (E.D.N.Y.1994) (citation omitted).

J.C. Engelbrecht
Attorney for Village of Baldwinsville

Martin J. Murphy
Attorney for County of Onondaga

Verner R. Love
Attorney for Rob Roy Pools, Inc. and
    Susan M. Weichert

Applying the objectively reasonable standard from the Supreme Court's *Business Guides*, the Court finds that if Plaintiffs' attorneys had undertaken a reasonable inquiry of the applicable law and listened to the Court's admonishment, they should have determined that Plaintiffs' claims were clearly barred by the doctrine of res judicata. Therefore, pursuant to Rule 11(b) of the Federal Rules of Civil Procedure, the Court awards a monetary sanction against Plaintiffs' attorneys in the amount of reasonable attorney's fees as set forth.

## III. *Calculation of Fees and Sanctions*

■ In calculating a reasonable amount of attorney's fees and/or sanctions, the Court takes into consideration the failure of Defendants' attorneys to bring a motion to dismiss at an earlier stage in this case. As described above, it was clear that Plaintiffs' claims were barred by res judicata. As such, the Defendants' attorneys should have brought a motion to dismiss as soon as they received the complaint in August 1994. Instead, Defendants' motion for summary judgment was not filed until March 24, 1995, after extensive discovery had already occurred.

■ The Court therefore calculates Defendants' attorney's fees based upon that work attributable to bringing the summary judgment motion and excludes that work related to discovery matters.[3] The Court finds the recoverable fees to be as follows:

39.40 hours × $100/hour = $3,940

22 hours × $85/hour = $1,870

30 hours × $125/hour

+ $332.10 (trans. costs) = $4,082.10

Total = $9,892.10 [4]

---

3. Defendant Weichert is not entitled to attorney's fees because he represented himself in a pro se capacity. *Kay v. Ehrler*, 499 U.S. 432, 111 S.Ct. 1435, 113 L.Ed.2d 486 (1991).

4. The Court notes that the hourly rate it uses is that rate provided by Defendants' attorneys themselves. Absent an attorney's submission of a specific hourly rate, courts apply the "lodestar method" where a determination is made of the hours reasonably spent by counsel multiplied by the reasonable hourly rate. In the Northern District of New York, reasonable hourly rates for legal work are $150 per hour for partners and

However, since the Court is also granting Rule 11 sanctions against Plaintiffs' attorneys in the amount of Defendants' attorney's fees, the Plaintiffs and their attorneys shall share equal responsibility for the payment of those fees. It is therefore

ORDERED that Plaintiffs are to pay half of the attorney's fees in an amount of $4,946.05 to the Defendants pursuant to 42 U.S.C. § 1988, and Plaintiffs' attorneys are hereby

ORDERED to pay half of the attorney's fees in the amount of $4,946.05 as sanctions to the Defendants pursuant to Rule 11 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

$100 per hour for associates. *Segarra v. Messina,* 158 F.R.D. 230, 235 (N.D.N.Y.1994).