**Troy DELANCETT, Plaintiff,**

v.

**VILLAGE OF SARANAC LAKE; and Donald G. Perryman, Defendants.**

**Troy DELANCETT, Plaintiff**

v.

**Steven FARMER, Defendant.**

**No. 95–CV–1590 (FJS).**

United States District Court, N.D. New York.

Dec. 4, 1997.

As Amended Dec. 22, 1997.

Law Office Of John Piasecki (John Piasecki, of counsel), Malone, NY, for Plaintiff.

Brooks & Meyer (James M. Brooks, of counsel), Lake Placid, NY, for Defendants.

## MEMORANDUM DECISION AND ORDER

SCULLIN, District Judge.

### Introduction

In a decision issued on the record on June 6, 1997, the Court granted summary judgment to the Defendants in this action and dismissed all of the Plaintiff's claims. Presently before the Court is an application for attorney's fees brought by the Defendants pursuant to 42 U.S.C. § 1988.

### Background

The Plaintiff, Troy Delancett, was arrested by Defendant Police Officer Perryman on August 30, 1993 on a charge of criminal contempt in the second degree in violation of New York Penal Law § 212.50(3). The charge arose from the Plaintiff's alleged violation of an Order of Protection issued by Village of Saranac Lake Justice Thomas Glover, directing the Plaintiff, in part, to stay away from the house of his one-time girl-friend, Christine Rowan. This criminal charge brought by Defendant Perryman was eventually dropped by Justice Glover on August 1, 1995 for reasons unknown to the parties.

Thereafter, the Plaintiff brought separate civil rights actions pursuant to 42 U.S.C. § 1983 against Defendant Perryman, and his supervisor, then-Police Chief Steven Farmer, alleging claims premised on false arrest and malicious prosecution. Additionally, the

Plaintiff brought a claim against the Village of Saranac Lake alleging that the Village condoned a pattern of civil rights violations by Defendant Perryman. At oral argument, the Court consolidated the actions, and the Plaintiff consented to the dismissal of the municipal claim against the Village of Saranac Lake, leaving just false arrest and malicious prosecution claims remaining against Defendants Perryman and Farmer.

The evidence submitted by the parties for purposes of summary judgment presented the following undisputed facts. On August 30, 1993 at 7:18 a.m., the Saranac Police Department received a report of screaming coming from Christine Rowan's house at 21 Lake Street in the Village of Saranac Lake. Defendant Perryman was one of the police officers responding to the report. At the time, Defendant Perryman was aware of a prior assault by the Plaintiff on his then-girlfriend Christine Rowan, and the subsequent Order of Protection which resulted therefrom. Upon arrival to Ms. Rowan's residence, the police found Ms. Rowan to be visibly upset and questioned her as to the cause of her distress. The one disputed fact raised by the parties was whether Ms. Rowan initially admitted to the police that the Plaintiff had been at her house, upon their inquiry concerning the cause of her distress (the "Rowan statement"). Defendant Perryman contends that Ms. Rowan did in fact make such a statement, and subsequently recanted. Ms. Rowan avers that she never made such a statement. The police found laying out on a table, a motorcycle jacket belonging to the Plaintiff. Upon further investigation, Defendant Perryman spoke with a neighbor, Ms. Helene Nessenthaler, who related that she had observed the Plaintiff's truck traveling down the street and parking in Ms. Rowan's driveway at 2:45 a.m. in the morning, prior to the reported screaming. She stated that she knew it was the Plaintiff's truck because she was familiar with its distinctive sound and appearance from the eighteen months that the Plaintiff had cohabitated with Ms. Rowan.

At oral argument the Court dismissed the claims brought against Defendant Farmer. The Court found that the undisputed evidence indicated that Defendant Farmer relied upon the information presented to him by Officer Perryman which included the disputed statement by Christine Rowan. Thus, even assuming Defendant Farmer's involvement in the decision to arrest the Plaintiff, Farmer had probable cause to believe that the Plaintiff violated the Order of Protection.

Further, the Court granted Defendant Perryman summary judgment on the basis that probable cause existed to believe that the Plaintiff violated the Order of Protection, even without the disputed Rowan statement.

As part of their summary judgment motion, the Defendants moved for fees and costs pursuant to 42 U.S.C. § 1988. However, because the matter was not briefed, the Court reserved decision on the issue.

### Discussion

 Pursuant to 42 U.S.C. § 1988, a court in its discretion may award the prevailing party in a § 1983 action, reasonable attorney's fees as part of costs. *See* 42 U.S.C. § 1988(b) (1996). Section 1988 makes no distinction between prevailing plaintiffs and prevailing defendants. However, where the defendant is the prevailing party, a court should be hesitant to award fees lest it contribute to the creation of a "chilling effect" on plaintiffs seeking to vindicate their constitutional rights. *See Rounseville v. Zahl,* 13 F.3d 625, 632 (2d Cir.1994). Thus, a court should award defendants attorneys's fees under § 1988 only when a plaintiff's claim is " 'frivolous, unreasonable, or groundless, or . . . the plaintiff continued to litigate after it clearly became so.' " *Id.* (quoting *Hughes v. Rowe,* 449 U.S. 5, 15, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980)). "This determination generally turns on whether the claim itself is clearly meritless." *Id.* Plaintiff's defense of the merits of his respective claims turns entirely on his argument that Defendant Perryman did not fulfill the procedural requirements of New York Criminal Procedure Law § 100.15(3) in filling out the accusatory instrument because he failed to obtain the affidavit of Ms. Rowan. Thus, Plaintiff argues that the affidavits submitted in support of the criminal information did not establish the existence of each element of criminal contempt in the second degree. Plaintiff's

constitutional claims for false arrest and malicious prosecution, however, turn on whether Defendant Perryman had "probable cause" to arrest him, *see Lennon v. Miller,* 66 F.3d 416, 423–424 (2d Cir.1995), not whether he failed to follow the state criminal procedure law. Thus, the one disputed fact raised by Plaintiff in opposition to summary judgment could not save his § 1983 claims because the undisputed facts supported a reasonable belief that the Plaintiff had in fact violated an Order of Protection, at the very least, by driving and parking in Ms. Rowan's driveway.[1] However, even though the claims brought against Defendant Perryman were meritless, the Court will give the benefit of any doubt as to their frivolity to the Plaintiff, and not award fees to Defendant Perryman for prevailing in the present law suit.

■ As to Defendant Farmer and the Village of Saranac Lake, however, the Court cannot grant such leeway. The Plaintiff failed to produce one scintilla of evidence which could color a § 1983 claim against Defendant Farmer or the Village of Saranac Lake. Furthermore, even though the Plaintiff consented to the dismissal of the claim against the Village at oral argument, he still forced the Defendants to bring the motion in the first instance. Likewise, the claims brought against Defendant Farmer were clearly groundless and prolonged unreasonably. Thus, Defendants Farmer and Village of Saranac Lake are entitled to reasonable attorney's fees and costs for defending this action.

■ The determination of reasonable attorney's fees under § 1988 is governed by the "lodestar" analysis which requires a court to multiply the number of hours reasonably expended by a reasonable hourly rate. *See Tanzini v. Marine Midland Bank, N.A.,* 978 F.Supp. 70, 82 (N.D.N.Y.1997) (citing *Blum v. Stenson,* 465 U.S. 886, 888, 104 S.Ct. 1541, 1543, 79 L.Ed.2d 891 (1984)). The hourly rate requested by the Defendants, $150.00

/hour, is within the guidelines established in the Northern District of New York. *See, e.g., Blissett v. Casey,* 969 F.Supp. 118, 130 (N.D.N.Y.1997); *Kahre–Richardes Family Found., v. Baldwinsville,* 953 F.Supp. 39, 42 n. 4 (N.D.N.Y.1997). The Defendants request a total of 225.70 hours at $150.00/hour for a total fee request of $33,735.00. However, the Court finds that 10.9 of these hours related to a New York State General Municipal Law 50–h examination which is not fairly compensable as part of this lawsuit. Additionally, 15 hours of the requested time was for travel which is only fairly compensable at $50.00/hour. *See Cooley v. Arena,* 90–CV–603, 1996 WL 494983, at *4 (N.D.N.Y., Aug.29, 1996). Furthermore, 3.7 hours of the requested time was allocated to non-legal administrative tasks which is only fairly compensable at $50.00/hour. *See Blissett,* 969 F.Supp. at 133. Thus, of the 225.70 hours set forth, only 196.3 are recoverable at the $150.00/hr. rate.

■ The amount of hours requested by the Defendants, in total, does not differentiate between the three Defendants. The Court finds that the equitable way to distinguish between fees associated with Defendant Perryman and those associated with Defendant Farmer is to split the relevant hours in half. Furthermore, in light of the Plaintiff's withdrawal of his claim against the Village of Saranac Lake at oral argument, the Court finds that it is equitable to split those fees in half as well. Thus, of the 196.3 hours requested, one half will be attributed to Defendant Farmer's and the Village of Saranac Lake's combined fee award.

■ Additionally, the Defendants request the award of $1,969.09 in costs to cover disbursements and expenses in this matter. Rule 54(d)(1) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1920 permit a court to award a prevailing party certain

---

1. Under New York Penal Law, a person is guilty of criminal contempt in the second degree if he engages in "intentional disobedience or resistance to the lawful process or other mandate of the court. ...." N.Y. Penal Law § 215.50(3)

McKinney 1988). The mandate in this case is an Order of Protection issued by Village Justice Glover, which ordered the Plaintiff, in part, to "[s]tay away from the home, school, business or place of employment of Christine Rowan."

costs associated with a particular action. The Court finds the costs requested by the Defendants are reasonable, minus the $280.80 charge for the transcript of the 50–h hearing. Thus, Defendants are awarded costs in the amount of $1688.29.

Based on the foregoing the total fees awarded are as follows:

| | | | |
|---|---|---|---|
| attorney's fees | ½ × (196.3 × $150.00/hr.) | = | $14,722.00 |
| administrative fees | 3.7 × $50.00/hr. | = | $ 185.00 |
| travel time | 15 × $50.00/hr. | = | $ 750.00 |
| costs | | | $ 1,688.28 |
| | | | $17,345.79 |

---

## Conclusion

Having considered the submissions of the parties, the entire record, and the applicable law, it is hereby

ORDERED that Defendant Farmer's motion for attorney's fees and costs is GRANTED, Defendant Village of Saranac Lake's motion for attorney's fees and costs is GRANTED in part, and Defendant Perryman's motion for attorney's fees is DENIED. It is further

ORDERED that Plaintiff is directed to promptly make payment of attorney's fees and costs in the amount for $17,345.79 to Defendant Farmer and Defendant Village of Saranac Lake.

**IT IS SO ORDERED.**