**James MORRISON, Plaintiff,**

v.

**Karl DAVIS, et al., Defendants.**

**No. 97CV1305.**

United States District Court,
S.D. Ohio,
Eastern Division.

March 22, 2001.

Alphonse Adam Gerhardstein, Laufman & Gerhardstein, Cincinnati, OH, for Plaintiff.

Carol Anne Hamilton O'Brien, John H. Jones, Ohio Attorney General Corrections Litigation, Columbus, OH, for Defendants.

William R. Kirschner, U.S. Department of Justice Civil Division/Federal Programs Branch, Washington, DC, for Intervenor.

## OPINION AND ORDER

MARBLEY, District Judge.

### I. INTRODUCTION

This matter is before the Court on the Plaintiff's Motion to Alter or Amend Judgment filed on April 6, 2000. The Defendants filed their Response on April 24, 2000. For the following reasons, the Defendants' Motion is **GRANTED** in part and **DENIED** in part.

### II. FACTS AND PROCEDURAL HISTORY

The Plaintiff, James Morrison, was incarcerated in 1991. In March of 1997, the Plaintiff was housed at the Ross Correctional Institute ("RCI"), where the Defendants are currently employed as corrections officers. On December 2, 1997, the Plaintiff filed suit, under 42 U.S.C. § 1983, alleging that he was beaten by a correction officer at the RCI, in violation of his rights under the Eighth Amendment of the United States Constitution. On July 2, 1999, the jury returned a verdict in favor of the Plaintiff, finding that Defendants Felts and Davis used excessive force and violated their duty to protect the Plaintiff. The jury awarded the Plaintiff a total of $15,000 ($12,000 in actual damages and $3,000 in punitive damages).

On July 30, 1999, the Plaintiff filed a Motion for Attorney Fees and Expenses. On March 28, 2000, the Court granted the Plaintiff's Motion for Attorney Fees and Expenses in the amount of $22,499. This matter is now before the Court on the Plaintiff's Motion to Alter or Amend Judgment filed on April 6, 2000.

For the following reasons, the Plaintiff's Motion is **GRANTED** in part and **DENIED** in part.

## III. ANALYSIS

In his Motion, the Plaintiff makes two arguments: (1) that the reimbursement of out-of-pocket expenses is not subject to the 150% cap on fees, and (2) that the hourly rate for the Prison Litigation Reform Act ("PLRA"), should be set at $112.50[1] per hour for both in-court and out-of-court time. The Court will examine each argument in turn.

### A. Out-of-Pocket Expenses

First, the Plaintiff requests reimbursement for his out-of-pocket expenses totaling $3,622.01. The Defendants, in their Memorandum in Response filed on April 24, 2000, do not object.

The Court, therefore, **GRANTS** that portion of Plaintiff's Motion and awards him reimbursement for out-of-pocket expenses totaling $3,622.01.

### B. Hourly Rate

The Plaintiff's next argument is that the hourly rate for both in-court and out-of-court time should be $112.50 per hour.[2] The Plaintiff argues that the Judicial Conference has established an hourly rate of $75 per hour for both in-court and out-of-court time. The Defendants respond that deciding this question would require an advisory opinion as the maximum fee award is $22,000[3] and the $112.50 rate would exceed that dollar amount.[4] The Court will first address whether reaching the present issue would constitute an advisory opinion, and if it does not, then address the question of the proper hourly rate.

#### 1. Advisory Opinion

■ The Defendants argue that deciding the proper dollar amount per hour to be awarded would merely be an advisory opinion as the United States Code places a cap on the total dollar amount awarded. Article III of the United States Constitution restricts a federal court's jurisdiction to "cases" and "controversies." U.S. CONST. art. III, § 2.[5] When parties in a case request an advisory opinion, no justiciable case or controversy exists. *Flast v. Cohen,* 392 U.S. 83, 95, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968). Under Article III, courts are required to "avoid issuing advisory opinions based upon hypothetical situations." *Briggs v. Ohio Elections Comm'n,* 61 F.3d 487, 493 (6th Cir.1995). That is, a court's judgment "must resolve a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical set of facts." *Preiser v. Newkirk,* 422 U.S. 395, 401, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975) (citation omitted).

■ The Court finds that there is a live case-or-controversy present: the hourly rate available to Plaintiff's counsel for his in-court and out-of-court time. Reaching this question does not require the creation of a hypothetical set of facts, as the facts present before the Court at this time reach the issue posed by the Plaintiff. And,

---

1. 150% of $75 per hour.

2. This Court had previously found that the rate is $75 for each out-of-court hour and $105 for each in-court hour, or 150% of $50 and $70 per hour respectively.

3. This amount represents 150% of the $15,000 jury verdict, or $22,000. 42 U.S.C. § 1997e(d)(2).

4. Contrary to the Government's calculations, 150% of $15,000, is $22,500.

5. The case-or-controversy requirement also has been referred to as justiciability, which is comprised of several overlapping doctrines including: standing, mootness and ripeness. *Allen v. Wright,* 468 U.S. 737, 750, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984).

contrary to the Defendants' understanding, the outcome of a court's opinion is not what determines its advisory nature; it is whether the court will rule on a justiciable issue, *i.e.* case or controversy.[6]

As this Court has found that a case or controversy exists, the Court will next turn to the issue of the proper hourly rate at which to award attorney fees under the PLRA.

## 2. Hourly Rate

The second basis for the Plaintiff's Motion to Alter or Amend Judgment is that the hourly rate for both in-court and out-of-court time should be $112.50 per hour. The hourly rate for court-appointed counsel has been established by the United States Code which, in part, provides:

> Any attorney appointed pursuant to this section or a bar association or legal aid agency or community defender organization which has provided the appointed attorney shall, at the conclusion of the representation or any segment thereof, be compensated at a rate not exceeding $ 60 per hour for time expended in court or before a United States magistrate ... and $ 40 per hour for time reasonably expended out of court, ...

18 U.S.C. § 3006A(d)(1). Based on the plain language of § 3006A, the Judicial

Conference was given the authority to determine "the maximum hourly rates for each circuit ... [and] is authorized to raise the maximum hourly rates ...." *Id.*[7] In the Southern District of Ohio, this Court has previously found that the proper rates are $70 per hour for in-court time, and $50 per hour for out-of-court time. *Morrison v. Davis*, 88 F.Supp.2d 799, 810 (S.D.Ohio 2000) (Marbley, J.). Reading 300A(d)(1) in harmony with 1997e(d)(3),[8] this Court awarded the Plaintiff 150% of this amount, or $105 for each in-court hour and $75 for each out-of-court hour.

■ The Court finds that the Judicial Conference has not taken the step of implementing the hourly rate of $75 per hour, for both in-court and out-of-court time, in this Court's location in Ohio. The Plaintiff's argument that the Judicial Conference has established a rate of $112.50 per hour (150% of $75), misses the mark; the Judicial Conference proposed such a change, but it was not implemented by this Court.

To support his position, the Plaintiff provides a Memorandum from the Administrative Office of the United States Courts dated December 28, 1999. The subject of the Memorandum is "Implementation of Criminal Justice Act Panel Attorney Rate Increase." The Memorandum, instead of

---

**6.** Adopting the Defendants' understanding of "advisory opinion" would have made the first decision of this Court advisory as the attorney fee award exceeded the 150% cap at that time. Likewise, judgments rendered against judgment-proof parties would always be advisory.

**7.** Section 3000A continues:

> [T]he Judicial Conference determines that a higher rate of not in excess of $ 75 per hour is justified for a circuit or for particular districts within a circuit, for time expended in court or before a United States magistrate ... and for time expended out of court. The Judicial Conference shall develop guidelines for determining the maximum

hourly rates for each circuit in accordance with the preceding sentence, ... the Judicial Conference is authorized to raise the maximum hourly rates specified in this paragraph up to the aggregate of the overall average percentages of the adjustments in the rates of pay under the General Schedule made pursuant to section 5305 of title 5 on or after such effective date.

18 U.S.C. § 3000A(d)(1).

**8.** Section 1997e provides: "(3) No award of attorney's fees in an action described in paragraph (1) shall be based on an hourly rate greater than 150 percent of the hourly rate established under section 3006A of title 18, United States Code, for payment of court-appointed counsel." 42 U.S.C. § 1997e(d)(3).

supporting the Plaintiff's argument, undermines it. The Memorandum provides: "Although the judiciary had requested resources to pay a $75 CJA panel attorney rate for in-court and out-of-court work in all judicial districts in FY 2000, Congress approved only a partial increase." The Memorandum continues: "The Judicial Conference has approved an hourly rate of $75 for in-court and out-of-court work for all 94 judicial districts, but the $75 rate has not been implemented, except as shown below, due to the unavailability of funds." In the "except as shown below section" of the Memorandum, Ohio is absent from the list. The appropriate dollar amounts for both in-court and out-of-court work for those court locations not listed, such as the Southern District of Ohio, continues to be $50/$70–as this Court had previously found.

Assuming, *arguendo*, that this Court were to find that the $112.50 rate has been universally adopted, the "new" rate, according to the Memorandum, would only apply to *work performed on or after January 1, 2000*. (emphasis added). The Plaintiff's work in this case was performed well before January 1, 2000, as the Plaintiff's Motion for Attorney Fees and Expenses was filed on July 30, 1999. Even if $112.50 is the proper rate, it was not the proper rate when the Plaintiff's attorney performed his work.

The Plaintiff's reliance on *Ilick v. Miller*, 68 F.Supp.2d 1169, 1174 (D.Nev.1999), is misplaced. There, the court stated: "Unfortunately, the $75 hourly rate which the Judicial Conference has approved for this district has not been implemented due to the current unavailability of funds." Despite this hourly rate not having been implemented, the *Ilick* court decided to award $75 per hour based on the fact that § 3000A uses the word "established" rather than "paid" or "awarded." *Id.* at 1174. The court reasoned: "That the $75 rate is not currently paid due to lack of funds does not change the 'establishment' of the $75 rate." *Id.* This Court disagrees with *Ilick*. The language in § 3000A is "established," not "proposed," or "requested." In this case, the rate has not been established, as it has not been implemented. Contrary to the reasoning of *Ilick*, the rate could have been established by the Judicial Conference even if it had not been actually awarded, or paid by a court. This Court finds that "establishment" of the proper attorney fee award succeeds "requested" and precedes "awarded."

The majority of courts have not followed *Ilick*, but have adopted attorney fee hourly awards actually implemented by the Judicial Conference. *See, e.g., Hernandez v. Kalinowski*, 146 F.3d 196, 201 (3d Cir. 1998) (finding that the appropriate rate is $97.50 for in-court and $67.50 for out-of-court in the Eastern District of Pennsylvania); *Searles v. Van Bebber*, 64 F.Supp.2d 1033, 1037 (D.Kan.1999) (finding that the proper rate as established by the Judicial Conference for the Court of Appeals for the Tenth Circuit is a rate of $97.50 for in-court and $67.50 for out-of court time); *Clark v. C.O. Phillips*, 965 F.Supp. 331, 335 (N.D.N.Y.1997) (finding that the proper rate is $67.50 for out-of-court time and $97.50 for in-court time). With the exception of the *Ilick* court, those courts that have followed the $75/$75 per hour rate were following the rate implemented by the Judicial Conference for their location. *See, e.g., Hadix v. Johnson*, 230 F.3d 840, 843 n. 2 (6th Cir.2000) (finding that the proper rate is $112.50 in the Eastern District of Michigan); *Walker v. Bain*, 65 F.Supp.2d 591, 605 n. 8 (E.D.Mich.1999) (same); *Hadix v. Johnson*, 947 F.Supp. 1113, 1114 (E.D.Mich.1996) (same).[9]

9. The Memorandum of December 1999 provides that in the Eastern District of Michigan,

The Court therefore **DENIES** the Plaintiff's Motion to Alter or Amend Judgment to reflect a flat $112.50 rate.

## IV.   CONCLUSION

The Court hereby **GRANTS** the Plaintiff's Motion for out-of-pocket expenses and **DENIES** his Motion as it relates to the calculation of the hourly rate.

**IT IS SO ORDERED.**

the $75/$75 per hour rate was implemented.