Brad SKINNER, on his own behalf and on behalf of all other persons similarly situated, Plaintiffs,

v.

Judith UPHOFF; Vance Everett; James Hewitt; David Ebell; and John Does 1 Through 6; all in their individual and official capacities, Defendants.

No. 02–CV–033–B.

United States District Court, D. Wyoming.

June 30, 2004.

---

**23.** *Id.* at *16.

Steven L. Pevar, American Civil Liberties Union Foundation, Hartford, CT, Shirley Kingston, Graves, Miller & Kingston, Cheyenne, WY, for Plaintiffs.

Michael O'Donnell, Chief Deputy Attorney General, Craig Kirkwood, Senior Assistant Attorney General, David Delicath, Assistant Attorney General, Wyoming Attorney General's Office, Cheyenne, WY, for Defendants.

## ORDER ON PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

BRIMMER, District Judge.

The above-entitled matter having come before the Court on Plaintiffs' Motion for Attorney's Fees and Expenses and the Court, having reviewed the materials on file, having heard oral arguments and being fully advised in the premises, hereby **FINDS** and **ORDERS** as follows:

### Background

Plaintiff Skinner filed suit against Defendants on both individual and class claims. Individually Plaintiff Skinner sought compensatory and punitive damages, pursuant to 42 U.S.C. § 1983 for violations of his eighth and fourteenth amendment rights. Plaintiff also sought on his own behalf, and on behalf of all others similarly situated, injunctive relief preventing Defendants from failing to take all necessary and proper steps to safeguard Plaintiff and other Wyoming State Penitentiary ("WSP") inmates from unprovoked assaults by other inmates.

On November 27, 2002, this Court granted injunctive and declaratory relief on Plaintiffs' class action claim. This Court found that Defendants had failed to adequately train and supervise its employees, failed to develop an effective internal review process for the reporting of policy violations and failed to properly discipline employees, leading to risks for inmate safety. The Court ordered both parties to submit remedial plans to the Court. In May 2003, the parties reached a settlement on Plaintiff Skinner's individual claims. Plaintiffs' counsel filed their motion for attorney's fees in October 2003. The State of Wyoming objects to approximately $200,000 in fees claimed by Plaintiffs' attorneys in their fee request.

### Legal Analysis

Title 42 U.S.C. § 1988 provides attorney's fees in certain actions, including 42 U.S.C. § 1983 actions. Section 1988 provides that "In any action or proceeding to enforce a provision of sections [*42 USCS §§ 1981*–1983, 1985, 1986], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs ...." 42 U.S.C. § 1988. "A typical formulation is

that 'plaintiffs may be considered "prevailing parties" for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.' " *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (citations omitted). "The purpose of § 1988 is to ensure effective access to the judicial process for persons with civil rights grievances. Accordingly, a prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Id.* at 429, 103 S.Ct. 1933 (quotation marks and citations omitted).

In this case, Plaintiffs' attorneys' fee request is governed by the Prison Litigation Reform Act ("PLRA"), therefore Plaintiffs must show the fees were directly and reasonably incurred in proving a violation of rights and that the fees were proportional to the relief granted. 42 U.S.C. § 1997e(d)(1).[1]

The United States Supreme Court has stated "that the district court has discretion in determining the amount of a fee award. This is appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Hensley,* 461 U.S. at 433, 103 S.Ct. 1933. However, a "request for attorney's fees should not result in a second major litigation." *Id.*

■ In determining the proper fees to award "[t]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Case v. Unified Sch. Dist. No. 233,* 157 F.3d 1243, 1249–50 (10th Cir.1998).

### Analysis

This Court will begin by noting that Plaintiffs received excellent results in this case. The Plaintiffs were one-hundred percent prevailing parties in this action. Plaintiffs prevailed on the class action lawsuit, which led to injunctive relief and broad changes in the policies of the WSP. Additionally, Plaintiff Skinner prevailed on his individual claims for damages. All of these results were accomplished through summary judgment and settlement, avoiding the need for trial.

Plaintiffs have requested attorneys' fees totaling $434,365.99. Plaintiffs also seek attorneys' fees for time spent defending the fee request and a multiplier of the fee award.

Defendants make numerous objections to Plaintiffs' Motion for Attorneys' Fees.

### 1. Hourly Rates.

■ Defendants asserts that pursuant to the PLRA, Plaintiffs' Attorneys' Fees are limited to 150% of the hourly rate established under 18 U.S.C. § 3006A(a), for payment of Court appointed counsel.[2]

---

1. 42 U.S.C. § 1997e(d) states:

 (d) Attorney's fees.
 (1) In any action brought by a prisoner who is confined to any jail, prison, or other correctional facility, in which attorney's fees are authorized under section 2 of the Revised Statutes of the United States *(42 U.S.C. § 1988)*, such fees shall not be awarded, except to the extent that—
 (A) the fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights protected by a statute pursuant to which a fee may be awarded

under section 2 of the Revised Statutes; and
 (B)
 (i) the amount of the fee is proportionately related to the court ordered relief for the violation; or
 (ii) the fee was directly and reasonably incurred in enforcing the relief ordered for the violation.

2. 42 U.S.C. § 1997e(d)(3) states:

 No award of attorney's fees in an action described in paragraph (1) shall be based on an hourly rate greater than 150 percent

Defendants argue that the proper hourly rate is the rate paid to court-appointed counsel in the particular area, rather than the rate established by the Judicial Conference. The current rate paid to court-appointed counsel in the Tenth Circuit is $90 per hour, the rate established by the Judicial Conference is $113 per hour. Defendants argue that applying the local rate, the maximum PLRA rate would be $135 per hour compared to $169.50 per hour if the rate established by the Judicial Conference is applied.

The United States Supreme Court has yet to rule on the issue of whether to apply the maximum rate provided by the Judicial Conference or the actual rate received by attorneys in that district for purposes of the PLRA.

The Ninth Circuit in *Webb v. Ada County*, 285 F.3d 829 (9th Cir.2002), ruled that Section 1997e(d)(3) "makes no distinction between the amount authorized by the Judicial Conference and the amount actually appropriated by Congress to compensate court-appointed counsel in criminal proceedings." *Id.* at 839. This ruling follows the findings of the Federal District Court of Nevada in the case of *Ilick, et al. v. Miller*, 68 F.Supp.2d 1169 (D.Nev.1999). The district court in *Ilick* stated:

> [T]he PLRA sets the payment rate as 150% of the rate "established" by the CJA in 18 U.S.C. § 3006A. It does not limit payment of fees to 150% of the CJA payments actually "paid" or "awarded." The critical word is "established."

*Id.* at 1174 (citations omitted).

However, it appears that the majority of courts have adopted the policy of using the established rate for that jurisdiction. The Third Circuit in *Hernandez v. Kalinowski*,

146 F.3d 196 (3rd Cir.1998), applied the established rate for the Eastern District of Pennsylvania. Several other district courts have also used the rate implemented in their district. *See Morrison v. Davis*, 195 F.Supp.2d 1019 (S.D.Ohio 2001); *Searles v. Van Bebber*, 64 F.Supp.2d 1033, 1037 (D.Kan.1999) (using the rate established by the Judicial Conference for the Court of Appeals for the Tenth Circuit); *Clark v. C.O. Phillips*, June 27, 2004, 335 (N.D.N.Y.1997).

This Court will follow the majority of the courts in applying the implemented rate of the district. Using the rates implemented in each district appropriately allows for regional difference in rates normally charged by attorneys. The Tenth Circuit pays $90 per hour for court-appointed attorneys. The maximum hourly rate under the PLRA is therefore $135 per hour.

■ Defendants also assert that Plaintiffs' fee request fails to take into account that the maximum PLRA rate has increased twice during the course of this case. Plaintiffs assert that attorney's fees should be calculated based on current rates, rather than historic rates. The United States Supreme Court in *Missouri v. Jenkins*, 491 U.S. 274, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989), recognized that "compensation received several years after the services were rendered—as it frequently is in complex civil rights litigation—is not equivalent to the same dollar amount received reasonably promptly as the legal services are performed, as would normally be the case with private billings." *Id.* at 283, 109 S.Ct. 2463. The Supreme Court went on to state: "an appropriate adjustment for delay in payment—whether by the application of current rather than

of the hourly rate established under section 3006A of title 18, United States Code, for

payment of court-appointed counsel.

historic hourly rates or otherwise—is within the contemplation of the statute." *Id.*

The Tenth Circuit has also reached the same conclusion. In *Ramos,* the Tenth Circuit stated that the "hourly rate at which compensation is awarded should reflect rates in effect at the time the fee is being established by the court, rather than those in effect at the time the services were performed." *Ramos v. Lamm,* 713 F.2d 546, 555 (10th Cir.1983). The language of the PLRA does not indicate any intention of changing this long-standing policy. Plaintiffs are entitled to the rates currently in effect.

Defendants also contend that if the maximum rate is $135, then Tim Kingston's hourly rate should be $118.80 per hour and Shirley Kingston's hourly rate should be $79.65 per hour. Defendants do not argue that Mr. Kingston and Ms. Kingston's rates are too high based on their experience, but rather ask this Court to decrease their rates because the rate in this district has been used rather than the higher national rate. The Court finds that Mr. Kingston is entitled to charge the maximum PLRA rate of $135.00 for his time and that Ms. Kingston is entitled to charge $100.00 per hour for her time.

## 2. Hours Not Related to the Plaintiffs' Claims.

█ Defendants claim that Plaintiffs have billed a considerable amount of time after the summary judgment hearing. This time was associated with discovery requests concerning retaliation against Plaintiff Skinner, retaliation against Inmate Blumhagen, and Plaintiffs' unsuccessful attempt to require Defendants to investigate earlier inmate-on-inmate assaults. Defendants argue these interrogatories were improper and on a moot subject and that this Court should decline to award Plaintiffs' attorneys fees for their discovery requests. Defendants also claim that Plaintiffs seek time they spent cleaning up their inadvertent disclosure of privileged attorney-client communication.

Plaintiffs respond that this Court found in its October 29, 2003, Order on Plaintiff's Contempt Motions and Other Motions, that investigation into recent inmate assaults was relevant to the remedial plan and deemed information on these assaults and the investigations of them to be highly relevant.

After reviewing the materials in the file, the Court agrees with its October 29, 2003, Order, that this information was highly relevant to the remedial plan. In the Court's November 27, 2002, Order, the Court required both parties to create a remedial plan. Investigation into the issues of retaliation against Plaintiff Skinner, retaliation against Inmate Blumhagen, and investigations of earlier inmate-on-inmate assaults were necessary for the Plaintiffs' remedial plan. Therefore, this Court does not believe that any of this time should be subtracted.

On the issue of time spent clearing up the inadvertent disclosure of attorney-client privileged information. This Court agrees with the Plaintiffs that the time spent on this issue was due to Defendants' failure to return this information to Plaintiffs. Ultimately Plaintiffs prevailed on this issue and Defendants were required to return the letter and to refrain from communicating its contents to other persons. The Court will not deduct this time from Plaintiffs' fee request.

The Supreme Court has stated that:

Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation .... In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention

raised in the lawsuit. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters.

*Hensley,* 461 U.S. at 435, 103 S.Ct. 1933 (citations omitted). There may have been certain areas in which Plaintiffs did not ultimately prevail. However, Plaintiffs obtained excellent results in this case and should be awarded for the time spent pursuing these claims.

The Court will not deduct any time from Plaintiffs' fee request for not being related to claims on which the Plaintiffs prevailed.

### 3. Excessive Hours and Block Billing

■ Defendants argue that Plaintiffs billed excessive hours and used block billing and therefore, Plaintiffs' attorneys' fees should be reduced. Plaintiffs assert they have significantly reduced their time, cutting almost 200 hours from the fee request. Mr. Pevar has stated that the Skinner case was his primary focus for almost three years. Plaintiffs point to the number of legal issues involved, the number of witnesses deposed, the summary judgment brief, the complete success of Plaintiffs' efforts, and the time spent developing the remedial plan.

Defendants also argue that Plaintiffs billed more than 600 hours after Plaintiff Skinner rejected Defendants' offer of judgment on his individual claims. Defendants claim the parties later settled on terms similar to those initially proposed by Defendants. Plaintiffs respond that most of the complained of hours were spent working on the remedial plan. Plaintiffs also state that the settlement finally agreed to by the parties was forty percent higher than the Offer of Judgment and Plaintiff Skinner also received the additional benefit of an admission by all Defendants that they had violated his Eighth Amendment rights.

The Court would like to note that in this case there was a blue shield that fell over all of these activities, which was very hard to pierce and in this Court's view required a great deal of time and effort on the part of Plaintiffs. Plaintiffs had to work extraordinarily hard for every bit of information in this case.

The Court does not believe that Plaintiffs' hours were unreasonable or that Plaintiffs' block billing presents any difficulty in this case, as Plaintiffs prevailed on every claim and are entitled to recover for all the time they are seeking.

### 4. Unnecessary Travel Expenses.

■ Defendants dispute $19,444.71 in travel expenses for Mr. Pevar and Paul Schor, a legal intern with the ACLU. Defendants argue that they should not be responsible because Plaintiffs chose legal assistance from out of the area rather than from in the area. Defendants claim that there are several qualified attorneys in this area that could have taken the case. Plaintiffs reply that not a single attorney listed in this area has filed a class action suit against the Wyoming State Penitentiary.

The Court agrees with Plaintiffs that currently there are no other attorneys in this area that have taken on a case of this magnitude against the Wyoming State Penitentiary. Additionally, this case required significant financial resources. Given that there were no attorneys in this area that could have handled this case, it is appropriate to award travel expenses for Steven Pevar.

While the Court realizes that the services of Mr. Schor were helpful to Plaintiffs in depositions and for document han-

dling, the Court does not feel that it is appropriate for Defendants to have to pay these travel expenses. Therefore, the Court will allow travel expenses for Mr. Pevar, but will disallow travel expenses for Mr. Schor. The list of expenses provided by Plaintiffs does not separately account for the expenses of Paul Schor, so the Court will subtract half the airfare, lodging and meal expenses for the trips on which Mr. Schor accompanied Mr. Pevar.

### 5. Duplicative Attorney Time.

Defendants claim that Plaintiffs' fee request was rife with duplication of services. Defendants ask this Court to disallow all of Shirley Kingston's and Tim Kingston's hours for various activities at which Steven Pevar was also present. Plaintiffs point out that Tim Kingston is not even billing for time that he spent at depositions and that the combined hours of Tim Kingston and Shirley Kingston were less than 13% of the hours billed by Mr. Pevar. Plaintiffs assert that they were very careful to avoid any unnecessary duplication.

The Court believes that the hours of Tim Kingston are reasonable and not duplicative. Mr. Kingston was local counsel in this case and his timesheets reflect an appropriate amount of work. The Court notes that Shirley Kingston was present at the depositions and many hearings where Mr. Pevar and Paul Schor were also present. The Court believes that while Ms. Kingston's presence may have been helpful, it was duplicative and Defendants should not be required to pay for this time. The Court will decrease Shirley Kingston's hours by ten and a half hours for travel time and for forty-eight hours of non-travel time.

### 6. Fees for Law Student Paul Schor

■ Defendants assert that Plaintiffs should not be able to claim fees for the work of Paul Schor, a summer intern, for work done during the summer of 2002.

Defendants argue that there is no indication that anyone paid for his work, rather Mr. Schor received academic credit towards his degree. Plaintiffs respond that the services provided by Mr. Schor were indispensable and timesaving.

Tenth Circuit case law is clear that the time of law students can be compensated. "As to services provided by non-lawyers, if 'law clerk and paralegal services are ... not reflected in the [attorney's fee], the court may award them separately as part of the fee for legal services.'" *Case*, 157 F.3d at 1249 (citations omitted). The services of Paul Schor are not reflected in the attorney's fee and should be awarded separately. Plaintiffs point out that the tasks performed by Paul Schor saved Mr. Pevar a considerable amount of time and ultimately saved Defendants being charged for those tasks at the hourly fee charged by Mr. Pevar rather than the much lower hourly fee charged by Mr. Schor. This Court believes that Defendants should have to pay for the services of a unpaid student intern the same as they would pay for the same services for a paid student intern. Defendants have not challenged the $40.00 hourly rate for Mr. Schor and this Court feels that the hourly rate is reasonable. Plaintiffs are granted attorneys fees of $40.00 an hour for time worked by Mr. Schor.

### 7. Fees for Tim Kingston and Shirley Kingston.

■ Defendants argue that this Court should deny the fee requests of Shirley Kingston and Tim Kingston, because these attorneys are donating their fees to the ACLU. Defendants argue that these attorneys have worked on this case with no expectation of payment and have cost the ACLU nothing. Defendants cite the case of *Ilick v. Miller*, 68 F.Supp.2d 1169 (D.Nev.1999). The district court in *Ilick*

found that the time of volunteer attorneys should not be compensated because there was no cost to the Plaintiffs for that work.

The *Ilick* court appears to be the only case suggesting volunteer attorneys should not be able to recover attorneys' fees. The Fourth Circuit in *Tillman v. Wheaton–Haven Recreation Ass'n, Inc.*, 517 F.2d 1141, 1148 (4th Cir.1975), found that "when an allowance of attorneys' fees is justified, it should be measured by the reasonable value of the lawyer's services. It should not be diminished because the attorney has agreed to contribute the money, in whole or in part, to a civil rights organization whose aims have stimulated him to work voluntarily." *Id.* at 1148.

The Tenth Circuit has clearly stated that public interest attorneys are entitled to compensation in the same manner as attorneys working in private firms. In *Ramos*, the Tenth Circuit stated "[w]e agree with most courts that have considered the issue that calculating attorney's fees for public interest lawyers and private firm lawyers in the same manner furthers the legislative intent underlying 42 U.S.C. § 1988." *Ramos*, 713 F.2d at 551. The *Ramos* Court went on to note that "[w]hen Congress enacted § 1988 it made no distinction between the compensation to be awarded to private lawyers and that to be awarded to lawyers working in public interest law firms." *Id.* The Tenth Circuit in *Ramos* additionally stated:

> Potential liability for full value fee awards can deter violations of the civil rights laws, especially in situations in which the fee award represents a significant portion of a defendant's financial exposure. Establishing a lower fee when public interest lawyers represent plaintiffs will reduce the incentive to eliminate violations, and will provide defendants with less incentive to settle and more incentive to engage in dilatory tac-

tics than would be present if private firm lawyers were involved.

*Id.* at 552.

This Court does not believe there is any merit in the argument that an attorney should be able to recover fees that would benefit him personally, but should not be allowed to recover fees if that attorney is planning on donating those fees to an organization. This Court does not believe the purposes of § 1988 would be served by a rule prohibiting an attorney's fee award to attorneys who plan on donating those fees to a public interest organization. Therefore, the Court will allow Tim Kingston and Shirley Kingston to recover fees for time worked except as otherwise noted in this judgment.

### 8. Fees on Fees.

■ Finally, Defendants argue that the plain language of § 1997e(d)(1) shows that Plaintiffs' attorneys may not receive fees for time spent collecting fees. Defendants argue that § 1997e(d)(1) provides attorneys' fees only when "the fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights protected by a statute pursuant to which a fee may be awarded ..." 42 U.S.C. § 1997e(d)(1). Plaintiffs respond that this argument has been rejected by every Court to consider the issue.

Prior to the enactment of the PLRA in 1996, Tenth Circuit law was clear that attorney's fees should be awarded for time spent pursuing a fee claim. *See Love v. Mayor, City of Cheyenne*, 620 F.2d 235, 237 (10th Cir.1980) ("Plaintiff is also entitled to attorney's fees ... for work done in resolving the fee issue itself.")

This issue before the Court is whether the passage of the PLRA altered this rule. The Tenth Circuit has yet to address this issue, however, other Courts which have considered this question have found that

fees on fees continue to be available in PLRA cases. The Third Circuit, in *Hernandez v. Kalinowski,* 146 F.3d 196, 199–200 (3rd Cir.1998) found that "fees for time spent in preparing a fee petition are included within the meaning of 'fees directly and reasonably incurred in proving an actual violation ....' Otherwise the attorney's fee to which he or she is entitled by law is in fact diminished." *Id.* (This same reasoning was adopted by the Fifth Circuit in *Volk v. Gonzalez,* 262 F.3d 528, 536 (5th Cir.2001)).

This Court finds the reasoning of the Third and Fifth Circuits is persuasive on this issue and will allow Plaintiffs to recover fees on fees.

### 9. Enhanced Fee.

Plaintiffs additionally ask this Court for a one-third multiplier in this case. Plaintiffs assert that the bulk of the work in this litigation was performed by Mr. Pevar, excellent results were obtained, and the matter was resolved through summary judgment and settlement avoiding the need for a trial. Defendants respond that the PLRA does not provide for a multiplier and that case law providing an enhanced fee is pre-PLRA, and therefore not applicable to PLRA cases.

This issue raises a novel question. This Court can find no other case discussing whether the PLRA allows for a multiplier in extraordinary cases. In a pre-PLRA case the United States Supreme Court stated:

> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified.

*Hensley,* 461 U.S. at 435, 103 S.Ct. 1933. The Tenth Circuit in *Ramos* set out circumstances justifying an enhanced fee.

" 'Exceptional success' justifying an enhanced fee may be based upon the performance of counsel—for example, victory under unusually difficult circumstances or with an extraordinary economy of time—or upon the result achieved—total victory or establishment of significant new law." *Ramos,* 713 F.2d at 557.

Defendants argue that the PLRA precludes an enhancement of attorneys' fees. This Court disagrees with Defendants' contention. In this case the Defendants were spared much higher attorneys' fees and costs by the excellent work of Plaintiffs' counsel. Most of the work in this case was performed by one attorney. Through the work of that attorney, the class action was decided on summary judgment and Mr. Skinner's individual claims were settled, avoiding a costly trial. Additionally, through summary judgment on the class actions claims, Plaintiffs have helped to create new policies at the WSP. Plaintiffs have vindicated the constitutional rights of a large group of people. The Court would additionally note that Plaintiffs achieved all of this while facing strong resistance and tenacious defense of these claims by the State. During oral arguments on this motion, Defendants asked the Court to make a fee award that would be reasonable and fundamentally fair. Given the low hourly rate allowed under the PLRA, this Court cannot make a fair award without granting an enhancement of the fee. "The purpose of § 1988 is to ensure 'effective access to the judicial process' for persons with civil rights grievances." *Hensley,* 461 U.S. at 429, 103 S.Ct. 1933 (quoting, H.R.Rep. No. 94–1558, p. 1 (1976)). The Court is skeptical that many attorneys, especially those with the skill and experience of Mr. Pevar, would be willing to take a case such as this for $135 per hour. If there is no enhancement for exceptional success, such as in this case, then effective access to the judicial process is denied.

Therefore, the Court will award Plaintiffs twenty-five percent enhancement for Mr. Pevar's time in the case.

## Conclusion

Plaintiffs' Motion for Attorney's Fees and Expenses is **GRANTED** in the amount of $427,158.72, this fee is calculated as follows: Steven Pevar, 2133.1 hours at $135 per hour for $287,968.50 [3], with the twenty-five percent multiplier of $71,992.13; Mr. Kingston, 51.92 hours at $135.00 per hour for $7,009.20; Ms. Kingston, 136.5 hours at $100 per hour and 15.5 hours at $50 an hour for travel time for a total of $14,425.00; Paul Schor, 226 hours at $40.00 for $9,040.00; Steven Pevar, 19 hours for fee brief preparation at $135.00 per hour for $2,565.00; and expenses of $36,297.89, less travel expenses for Paul Schor of $2,139.00, for total expenses of $34,158.89.

---

**3.** While this amount is very large, particularly for Wyoming awards, it must be remembered that the total hours of work was large and was occasioned by the nature of the case. The Defendants, in suggesting what they thought to be reasonable felt that a fee of $240,387.98 was reasonable, so this amount is not too far afield from it.