Dean GINEST, et al., Plaintiffs,

v.

BOARD OF COUNTY COMMISSIONERS OF CARBON COUNTY, et al., Defendants.

No. C86–0310 J.

United States District Court, D. Wyoming.

March 9, 2006.

Stephen L. Pevar, Hartford, CT, Linda Burt, American Civil Liberties Union, Cheyenne, WY, for Plaintiffs.

Richard Rideout, Cheyenne, Thomas A. Thompson, Rawlins, Daniel G. Blythe, Attorney at Law, Cheyenne, WY, for Defendants.

## ORDER GRANTING PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEY'S FEES AND EXPENSES

ALAN B. JOHNSON, District Judge.

The Plaintiffs' Motion for An Award of Attorney's Fees and Expenses, the Defendants' Response in Opposition to Plaintiffs' Motion for An Award of Attorney's Fees and Expenses, and the plaintiffs' further reply have come before the Court for consideration. The Court, having considered the parties' written submissions and supporting materials, the pleadings of record, the applicable law, and being fully advised in the premises, FINDS that the plaintiffs' Motion for An Award of Attorney's Fees and Expenses should be GRANTED, for the reasons stated below.

The attorney's fees sought to be awarded are those fees and travel expenses for

time and effort spent by plaintiffs' counsel, Stephen Pevar, in monitoring defendants' compliance with the Remedial Plan approved and adopted by this Court on February 1, 2005. The Remedial Plan included numerous new jail policies and appointed Glenn Biggs as compliance monitor under the approved plan. The Remedial Plan required Mr. Biggs to submit an Audit Report to the Court every two months. Plaintiffs' counsel acted to monitor the defendants' compliance under the plan and monitored the performance of the compliance monitor as well. Because Mr. Biggs was also monitoring defendants' compliance with the Remedial Plan, counsel for plaintiffs states that he spent only 73.6 hours during the eight month period of the operation of the Plan to monitor defendants' compliance with the Remedial Plan. Had no compliance monitor been appointed by the Court, he estimates he would have spent at least twice as much time working to monitor defendants' compliance with the Remedial Plan. He notes that he is only seeking fees and expenses incurred after February 1, 2005, as fees and expenses prior to that date were settled many months ago.

By Order of October 10, 2005, the Court gave plaintiffs until November 17, 2005 to file a motion to recover fees and expenses if the parties were unable to reach a settlement of those issues. They have been unable to settle them and the instant motion was filed. Plaintiffs assert that the fees and expenses were reasonably and necessarily incurred in view of the defendants' past history of noncompliance. It was not reasonable to argue that plaintiffs should not have acted to assure compliance with the Remedial Plan nor is it reasonable to argue they should not be entitled to attorney's fees for reasonable post-judgment monitoring of the Remedial Plan. Plaintiffs also seek to recover "fees on fees," for time spent pursuing their fee claims. Plaintiffs seek to recover fees, and

the amount to be awarded will depend upon the hourly rate authorized by the Court. For instance, if the Court awards fees at the rate of $169.50, the fee award sought is $14,831.25; if $135 per hour without an enhancement, $12,165.50; at $135 per hour with a 25% multiplier, $15,205.81 ($12,165.50 plus $3,040.62).

Mr. Pevar also seeks to recover out of pocket expenses incurred in connection with two trips made to Rawlins, Wyoming for the purpose of examining inmate medical files, among other things. His expenses for those trips, itemized in the attachment to his Declaration, total $$2,105.28.

The defendants oppose the motion seeking attorney's fees. They contend that the Prison Litigation Reform Act of 1995 ("PLRA") precludes an award of fees in this case and that it caused all pre-PLRA cases regarding awards of attorney's fees under 42 U.S.C. § 1988 to become obsolete. Defendants contend Pevar should not be compensated for the time spent in monitoring the defendants' compliance with the Remedial Plan because a Compliance Monitor (Glenn Biggs) was designated by the Court to perform this similar role. They suggest that counsel's activities in this regard in plaintiffs' behalf was voluntary, unnecessary and duplicative. The defendants argue that the PLRA precludes fees for attorney time spent on matters other than proving violations of rights protected by statute, and thus, counsel's monitoring activities are not compensable.

Defendants contend that Pevar also waived his right to recover fees for monitoring the Remedial Plan when he settled his fee claim for time spent litigating the contempt action in April of 2005. The release provides that the purpose of the parties' agreement is to discharge all of Plaintiffs' claims to attorney's fees and

costs "from January 2002, through the date of this release." However, it does not release specifically claims for fees for future activities. The release provides: "Additionally, the parties agree that there will be no claim for attorney's fees made in the future unless otherwise ordered by the Court."

Defendants also argue that the Court should not allow Pevar to recover travel costs for the trips made to Rawlins, Wyoming. Defendants urge that Linda Burt, ACLU's local counsel, should and could have gone in his stead and performed the review of inmate medical files. Pevar argues that the trips involved more than mere medical record review. He met with Mr. Biggs and defendants' counsel to discuss and review the Remedial Plan and the methodology to be employed by Biggs in his compliance monitor activities. Pevar also interviewed inmates on each trip as to their medical issues and complaints. Pevar notes that his skills are particularized and that Ms. Burt could not have engaged in the activities he performed in Rawlins without spending many hours of preparation for the inspection, an amount likely to exceed the amount now being sought by Pevar.

In reply, Pevar reiterates he is entitled to his fees for responding to the defendants' objection to his motion. His fee claim, excluding the $2,105.28 for travel expenses, after filing his reply, seeks:

| | |
|---|---|
| 96 hours at $135/hr | $12,960.50 |
| 96 hours, at $169.50/hr | $16,272.00 |
| 96 hours, at $135 with a 25% enhancement | $16,200.50 |

He continues to seek expenses in the amount of $2,105.28 for the expenses incurred in connection with his travel to Wyoming.

## Discussion

■ The Court notes that the plaintiffs' counsel achieved excellent results in this ongoing, seemingly unending litigation. The plaintiffs were the prevailing parties and achieved substantial long-term relief that has resulted in a remedial plan designed to address and provide for medical care and like concerns for inmates who are incarcerated at the Carbon County Jail.

The Court does not agree with the defendants' suggestion that plaintiffs' counsel should not be entitled to compensation for the work done by him after approval by the Court of the Final Remedial Plan and Decree and appointment of the Compliance Monitor. Unquestionably, the Compliance Monitor was charged with duties as outlined in the Remedial Plan and Decree and he was paid for those services. Contrary to the defendants' suggestion, however, this does not mean that plaintiffs' counsel could properly thereafter do nothing and turn a blind eye to whatever activities the compliance monitor undertook after appointment. The perspective of plaintiffs' counsel in engaging in review of compliance monitor activities's is substantially different than that of defendants' counsel or the compliance monitor himself. It is not a reasonable to assume that the compliance monitor and plaintiffs' counsel performed precisely the same activities after approval of the Remedial Plan by the Court, with the same focus of interest, as defendants have suggested. The activities of plaintiffs' counsel were not voluntary, unnecessary or duplicative in the view of this Court. The defendants' contentions in this regard must be rejected by the Court in entirety and do not provide a reasonable basis for denying the requested attorney's fees.

■ The Court is not persuaded by defendants' contention that the PLRA precludes an award of attorney's fees in this instance. Nothing in the express language of the PLRA supports the defendants' arguments. Courts considering substantially similar arguments have rejected them.

See e.g., *Cody v. Hillard*, 304 F.3d 767, 775–76 (8th Cir.2002) (awarding attorney's fees to class counsel for time spent monitoring a remedial order even though plaintiffs failed in their effort to show noncompliance by the defendant); *Webb v. Ada County*, 285 F.3d 829, 834–35 (9th Cir. 2002) (similar); *Plyler v. Evatt*, 902 F.2d 273, 281 (4th Cir.1990) (class counsel under "clear obligation" to monitor defendant's compliance with remedial order and should receive attorney's fees for doing so regardless of whether noncompliance by defendant is shown), cited with approval in *Cody v. Hillard*, 304 F.3d at 775; *MacLaird v. Werger*, 723 F.Supp. 617, 619 (D.Wyo.1989) (plaintiff did not need to show violation of remedial order to recover fees for monitoring defendants' compliance).

Many of the arguments that are raised by defendants in this instance have been considered by Judge Brimmer in *Skinner v. Uphoff*, 324 F.Supp.2d 1278 (D.Wyo.2004). Judge Brimmer noted that under the PLRA attorney's fee provision, the maximum hourly rate for an attorney representing a prisoner in a successful § 1983 action is $135 per hour. *Id.*, 324 F.Supp.2d at 1282–1283. He relied on pre-PLRA cases as well to determine that the PLRA allowed for a multiplier or an enhanced fee, disagreeing with defendants' argument that the PLRA precluded an enhancement of attorneys' fees. *Id.* Plaintiffs' counsel has offered numerous citations that dissuade this Court from accepting the defendants' argument that the PLRA precludes an attorney's fee award in the circumstances of this case. Such authority is persuasive in this Court's view. In *Skinner v. Uphoff*, 324 F.Supp.2d at 1287, Judge Brimmer noted that the attorneys' fees allowed by the PLRA are exceptionally low and that a fair fee award could not be made without granting an enhancement of the fee. This Court agrees with Judge Brimmer, in that the PLRA fees are exceptionally low and

an enhancement is permissible to make the fee more fair. Mr. Pevar achieved exceptional results in this case and the Court finds a 25% fee multiplier or enhancement should be awarded.

The Court also finds that the Release and Settlement of Plaintiffs' Claim for Attorney's Fees and Costs does not release a claim for attorney's fees made in the future and ordered by the Court. Plaintiffs here seek an order awarding fees for time spent monitoring the Remedial Plan, incurred after the date of the Release. The Court finds that such an order should be granted and that the fees requested are reasonable.

The Court has also considered defendants' argument that expenses for Pevar's travel to Wyoming to review medical records and perform other activities on behalf of his clients should be rejected as unpersuasive. As noted above, Pevar achieved excellent results in this case. He has particular, exceptional expertise that makes his contributions to the litigation of this type of case especially valuable. While this Court is confident that his local co-counsel from the ACLU, Ms. Burt, could have performed the tasks Pevar performed, it is highly unlikely that she could have similarly and efficiently performed these tasks in the same or lesser amount of time that was expended by Pevar. It is quite likely she would have required many hours of preparation for the tasks undertaken by Pevar during his trips to Wyoming. Had she done so, the amount of compensation that would have been sought by her would likely have been at least the same as or more than that sought by Mr. Pevar in the instant motion for attorney's fees. The defendants' arguments are not persuasive and will be rejected. The Court also finds that plaintiffs are entitled to recover attorney's fees for time spent pursuing their fee claim, as well as for

time spent by plaintiffs' counsel in preparing his reply brief. See also *Skinner v. Uphoff,* 324 F.Supp.2d at 1286–1287.

Defendants have not objected to the amount of fees requested by plaintiffs' counsel, his hourly rate or the amount of hours actually billed. In the absence of such objection, and after the Court's own review of the fee motion, the Court finds that plaintiffs' counsel is entitled to fees for 96 hours at the rate of $135 per hour, with a 25% enhancement, in the total amount of $16,200.50, plus expenses in the amount of $2,105.28. Accordingly, it is therefore

ORDERED that plaintiffs' Motion for Attorney's Fees and Expenses shall be, and is, GRANTED. It is further

ORDERED that plaintiffs' counsel shall be, and hereby is, awarded attorneys fees for 96 hours at the rate of $135 per hour, with a 25% enhancement, in the total amount of $16,200.50, plus expenses in the amount of $2,105.28.